JOHN S. BATTENFELD, BAR NO. 119513
john.battenfeld@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

CHRISTOPHER J. BANKS, BAR NO. 218779
christopher.banks@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000
Fax: +1.415.442.1001

MARINA C. GRUBER, Bar No. 271542
marina.gruber@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA 94304-1124
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendant
AMAZON.COM, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MORALES, on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, LLC., a Delaware corporation; PEACH, INC., DBA ACTION MESSENGER SERVICE., a California corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:16-cv-6462<br><br>**NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1331, 1441, 1446]** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30774945.1                                    Case No. 3:16-cv-6462
DEFENDANT AMAZON'S NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF CARLOS MORALES AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant AMAZON.COM, LLC ("Amazon"),[1] by and through its counsel of record, submits this Notice of Removal of Action ("Notice of Removal") and, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby removes to this Court the state action described below:

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. § 1331 ("Section 1331") based upon the existence of a federal question.

Amazon makes the following allegations in support of its Notice of Removal:

## I. **JURISDICTION**

This Court has original jurisdiction under Section 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(c) in that it is a civil action that presents a federal question. As set forth below, this case meets all of Section 1331's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. **VENUE**

Plaintiff Carlos Morales ("Plaintiff") filed this action in the Superior Court of California for the County of Alameda ("Alameda County Superior Court"). Thus, venue for removal properly lies in the United States District Court for the Northern District of California (28 U.S.C. § 84(a), 1446) and this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because this district embraces the place in which the removed state action is and has been pending.[2]

## III. **TIMELINESS OF REMOVAL**

This Notice of Removal is timely in that 28 U.S.C. § 1446(b) requires that a notice of

---

[1] Plaintiff has erroneously named the incorrect Amazon entity as a defendant in this lawsuit. While Amazon denies that it or any other Amazon parent, subsidiary or affiliate was a joint employer of or has any liability to Plaintiff, the Amazon corporate entity that contracted with Peach Inc. d/b/a Action Messenger Service for the delivery services described in the Complaint is Amazon Logistics, Inc.

[2] Amazon reserves the right to pursue a motion to transfer venue for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a). Amazon's allegation that the United States District Court for the Northern District of California is the proper venue for removal of the instant action should thus not be deemed an admission that the Northern District of California is ultimately the proper venue for Plaintiffs' claims to be heard on the merits.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

removal in a civil action must be filed within thirty (30) days after service of the summons and complaint. 28 U.S.C. § 1446(b). Plaintiff filed his Complaint in the Alameda County Superior Court on September 27, 2016. Amazon was served with the Complaint on October 5, 2016. Accordingly, this Notice of Removal is timely.

## IV. PLEADINGS, PROCESS, AND ORDERS

This action arises out of Plaintiff's employment with Peach, Inc., d/b/a Action Messenger Service ("Peach"). On September 27, 2016, Plaintiff filed a putative wage-and-hour class action complaint in the Superior Court of the State of California in and for the County of Alameda, entitled *Carlos Morales, on behalf of himself, all others similarly situated v. Amazon.com, LLC, a Delaware corporation; Peach, Inc., DBA Action Messenger Service, a California corporation; and Does 1-50, inclusive,* Case Number RG16832863, ("Complaint") alleging failure to pay all employees for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29. U.S.C. Section 201, *et seq*. (Compl., ¶¶ 130–140), and for violations of various California state wage and hour laws, including: (1) failure to provide meal and rest breaks (Cal. Lab. Code §§ 204, 223, 226.7, 512 and 1198); (2) failure to pay all hourly wages (Cal. Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198); (3) failure to provide accurate wage statements (Cal. Lab. Code § 226(a)); (4) failure to timely pay all final wages (Cal. Lab. Code §§ 201-203); and (5) unfair business competition (Cal. Bus & Prof. Code §§ 17200, *et seq*.) (Compl., ¶¶ 33–129). A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

On September 27, 2016, Plaintiff filed an Amendment to Complaint (Fictitious/Incorrect Name) using Judicial Form No. AC-001. Defendant Amazon was served with this Amendment to Complaint on October 5, 2016. A true and correct copy of Plaintiff's Amendment to Complaint is attached hereto as **Exhibit B**.

On October 17, 2016, Plaintiff Carlos Morales filed his Notice of Consent to Join Pursuant to 29 U.S.C. § 216(B). Amazon was served with this Notice of Consent to Join on October 20, 2016. A true and correct copy of Plaintiff's Notice of Consent to Join is attached hereto as **Exhibit C**.

Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings and

orders served upon Amazon or filed or received in this action by Amazon.

## V. CONSENT

According to the docket for this matter, Defendant Peach was served with a copy of the Complaint on October 18, 2016. In this type of removal involving multiple defendants, "[a]ll defendants must join in a removal petition." *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986). Counsel for Peach has consented to Amazon's filing of this Notice of Removal, which is sufficient to meet Defendants' "rule of unanimity" requirement and effect removal without the filing of individual consent documents by each defendant. *See Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (holding that "one defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient" to demonstrate joinder in removal).

## VI. FEDERAL QUESTION JURISDICTION

This Court has original jurisdiction over this action pursuant to federal question jurisdiction. 28 U.S.C. § 1331. Specifically, the district courts of the United States have original jurisdiction over all civil actions that pose a federal question, such that the action arises under the Constitution, laws, or treaties of the United States. *Id*.

Plaintiff's Complaint arises under and relates to the FLSA, a federal statute, and therefore, removal is proper. In his Seventh Cause of Action, Plaintiff alleges that his employer, Peach, and co-defendant Amazon, failed to pay him and other Delivery Drivers nationwide for all hours worked in accordance with the FLSA. (Exh. A, Compl., ¶¶ 130–140.)

Accordingly, this lawsuit falls directly under the civil enforcement provisions of the FLSA and presents a federal question. It is well established that actions brought under the FLSA are removable to federal court. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 695–696 (2003) (claim for alleged violation of the FLSA provides basis for federal question removal) provides basis for federal question removal). Accordingly, Amazon may remove this case to this Court pursuant to Section 1331 and 28 U.S.C. § 1441(b) because it is a civil action that arises under the laws of the United States.

///

## VII. SUPPLEMENTAL JURISDICTION

Plaintiff's Complaint alleges a total of seven causes of action, including the cause of action for unpaid wages and overtime under the FLSA. The remaining six causes of action alleged in the Complaint are based on the same factual allegations relating to Plaintiff's employment with Peach. This Court has supplemental jurisdiction over Plaintiff's state law wage-and-hour causes of action because such claims are sufficiently related to Plaintiff's claim under the FLSA, which presents a federal question and is within the Court's original jurisdiction, that they form part of the same case or controversy. 28 U.S.C. § 1367(a). *See Rivera v. Rivera*, 2011 WL 1878015 (N.D. Cal. May 17, 2011) (court found supplemental jurisdiction existed over plaintiffs' California Labor Code and UCL claims based on court's federal question jurisdiction over FLSA overtime claim). Further, Plaintiff's state law claims do not involve any novel or complex issue of state law, do not substantially predominate over Plaintiff's FLSA cause of action, and no exceptional or compelling circumstances exist for this Court to decline jurisdiction. 28 U.S.C. § 1367(a).

## VIII. NOTICE TO THE STATE COURT AND PLAINTIFF

Following the filing of this Notice of Removal in the United States District Court for the Northern District of California, Amazon will promptly serve Plaintiff with this Notice of Removal and will file a copy of this Notice with the clerk of the Alameda County Superior Court, the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## IX. CONCLUSION

Based on the foregoing, Amazon respectfully requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Amazon

///
///
///
///
///
///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

Dated: November 4, 2016　　　　　　　　　　MORGAN, LEWIS & BOCKIUS LLP

By　*/s/ Marina C. Gruber*
　　John S. Battenfeld
　　Christopher J. Banks
　　Marina C. Gruber
　　Attorneys for Defendant
　　AMAZON.COM, LLC