Shaun Setareh (SBN 204514)
        shaun@setarehlaw.com
Thomas Segal (SBN 222791)
        thomas@setarehlaw.com
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone:    (310) 888-7771
Facsimile:    (310) 888-0109

Attorneys for Plaintiff,
CARLOS MORALES

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MORALES, on behalf of himself, all others similarly situated, and the general public, | Case No. 3;16-cv-06462-TEH |
| | **CLASS ACTION** |
| _Plaintiff_, | **FIRST AMENDED COMPLAINT FOR:** |
| vs. | 1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512, and 1198); |
| AMAZON.COM LLC., a Delaware corporation; PEACH, INC. DBA ACTION MESSENGER SERVICE., a California corporation; and DOES 1-50, inclusive, | 2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7, and 1198); |
| | 3. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198); |
| _Defendants_. | 4. Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a)); |
| | 5. Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203); |
| | 6. Unfair Competition (Bus. & Prof. Code §§ 17200, _et seq._); |
| | 7. Failure to Pay Employees for All Hours Worked (29 U.S.C. § 201, _et seq._); |
| | 8. Civil Penalties (Lab. Code §§ 2698, _et seq._). |
| | **JURY TRIAL DEMANDED** |

Plaintiff, Carlos Morales (hereafter "Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class and representative action against defendant Amazon.com LLC, a Delaware corporation ("Amazon"); Peach, Inc. DBA Action Messenger Service, a California corporation ("Action"); and DOES 1 through 50 inclusive (hereafter "Defendants") for alleged violations of the Labor and Business and Professions Codes. As set forth below, Plaintiff alleges that Defendants have misclassified him and similarly situated individuals as independent contractors, failed to provide them with meal periods, failed to provide them with rest periods, failed to pay them for all hours worked, failed to pay premium wages for unprovided meal and/or rest periods, failed to pay overtime wages, failed to provide them with accurate written wage statements, and failed to timely pay them all of their final wages following separation of employment. Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution, and related relief on behalf of himself, all others similarly situated, and the general public.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction to hear this case because Plaintiff is informed and believes that the monetary damages and restitution sought herein for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court.

3. Plaintiff is informed and believes that the individual claims of the below-defined classes are under the $75,000.00 threshold for Federal diversity jurisdiction and the aggregate claim is under the $5,000,000.00 threshold for Federal jurisdiction, under the Class Action Fairness Act of 2005. Further, there is no federal question at issue as the issues herein are based solely on California law. Further, Defendant is a California corporation and Plaintiff is a California resident, and there is no diversity of citizenship of the parties.

4. Venue is proper in Los Angeles County pursuant to Code of Civil Procedure Sections 395(a) and 395.5 in that liability arose in Los Angeles County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each

1

defendant is found, maintains offices, transacts business, and/or has an agent therein.

## PARTIES

**A.    Plaintiff**

5.    Plaintiff was employed by Defendants to perform work in the County of Los Angeles, California from approximately May 2016 to September 2016.

**B.    Defendants**

6.    Defendant Amazon.com LLC is a Delaware corporation authorized to do business in California

7.    Defendant Peach, Inc. DBA Action Messenger Service is a California corporation authorized to do business in California.

8.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as Does 1-50, inclusive, but is informed and believes that said Defendants are legally responsible for the conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

9.    Plaintiff is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

## FACTUAL ALLEGATIONS

10.    On or about May 2016, Defendants hired Plaintiff as a  delivery driver. Plaintiff's employment with Defendants terminated around September 2016.

11.    As a delivery driver, Plaintiff's duties included but were not limited to driving, picking up packages, dropping off packages, and etc.

12.    During his employment with Defendants, Plaintiff was required to report to Defendant's facility at set times to perform his duties and use Defendant's tools and instrumentalties to perform his duties.

13.    Plaintiff made no investment in the equipment or materials used to peform his

2

*Morales v. Amazon.com LLC, et al.*                    First Amended Class Action Complaint

work for Defendants. Defendants provided Plaintiff with a delivery truck with the Amazon logo and a handheld device used to scan packages, make radio calls, and provide route guidance.

14.    Moreover, Plaitniff was required to wear a uniform which consisted of a polo shift with the Amazon logo and a baseball cap with the Amazon logo.

15.    During his employment with Defendants, Defendants maintained control over which packages and the amount of packages Plaintiff and the aggrieved employees were required to deliver on their shifts. Plaintiff and the aggrieved employees had no control over which packages and the amount of packages they could accept or reject for delivery.

16.    Defendants paid Plaintiff and the other aggrieved employees a flat day rate that did not take into account the actual number of hours worked.

17.    During his employment with Defendants, Plaintiff and the aggrieved employees were required to report to Amazon's facility at the end of beginning of each shift to pick up their daily maniefest and their delivery trucks. Plaintiff and the aggrieved employees were also required to report to Amazon's facility at the end of each shift to drop off any undelivered packages and their delivery trucks.

18.    Despite Defendant's characterization to the contrary, at all relevant times, Plaintiff and the aggrieved employees have been employees of Defendants and, as such, have been entitled to the protections of the California Labor Code and Wage Order.

19.    Defendants willfully misclassified Plaintiff and the other aggrieved employees as independent contractors. At all relevant times, they have engaged in a pattern and/or practice of doing so.

20.    Plaintiff alleges that as a result of Defendant's practice and policy of misclassifying employees as independent contractors, Plaintiff and other aggrieved employees were:

        A.  Not provided with meal periods in violation of the California Labor Code;

        B.  Not provided with rest periods in violation of the California Labor Code;

        C.  Not provided with hourly wages for all  hours worked in violation of the

3

California Labor Code;

D. Not provided with overtime wages and double time wages for all overtime and double time hours worked in violation of the California Labor Code;

E. Not provided with accurate wage statements in violation of the California Labor Code;

F. Not provided with timely final wages in violation of the California Labor Code.

## CLASS ALLEGATIONS

21.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

22.    **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

23.    The class and subclass members are defined as follows:

**Delivery Driver Class:** All persons employed as "delivery drivers" and/or with similar job titles or duties at Amazon warehouse locations in California during the **Relevant Time Period**.

> **Action Messenger Sub-Class:** All **Delivery Driver Class** members who worked through Action Messenger in California during the **Relevant Time Period**.

**FLSA Class:** All persons employed as "delivery drivers" and/or with similar job titles or duties at Amazon warehouse locations who worked in the United States in the past three years.

> **Meal Break Sub-Class:** All **Delivery Driver Class** and **Action Messenger Sub-Class** members who worked a shift in excess of five hours during the **Relevant Time Period**.

> **Rest Break Sub-Class:** All **Delivery Driver Class** and **Action Messenger Sub-Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

> **Wage Statement Penalties Sub-Class:** All **Delivery Driver Class** and **Action Messenger Sub-Class** members employed by

4

Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Sub-Class:** All **Delivery Driver Class** and **Action Messenger Sub-Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class:** All **Delivery Driver Class** and **Action Messenger Sub-Class** members employed by Defendants in California during the **Relevant Time Period**.

24.     **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

25.     **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

26.     **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A.     Have Defendants maintained a policy or practice of failing to provide employees with their meal breaks?

B.     Have Defendants maintained a policy or practice of failing to provide employees with their rest breaks?

C.     Have Defendants failed to pay additional wages to class members when they have not been provided with required meal and/or rest periods?

D.     Have Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal breaks in accordance with California law?

E.     Have Defendants failed to provide class members with accurate written

wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and time worked?

F.   Have Defendants applied policies or practices that result in late and/or incomplete final wage payments?

G.   Are Defendants liable to class members for waiting time penalties under Labor Code § 203?

H.   Are class members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

27.   **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

28.   **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

29.   **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

30.   **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both

seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

### FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512, and 1198)

### (Plaintiff and Meal Break Sub-Class)

31.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

32.    At all relevant times, Plaintiff and the **Meal Break Sub-Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the Wage Order.

33.    Labor Code § 512 and Section 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of ten hours.

34.    Labor Code § 226.7 and Section 11 the Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

35.    Compensation for missed meal periods constitutes wages within the meaning of the California Labor Code § 200.

36.    Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

37.    Section 11 of the Wage Order states: "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period

7

and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time." 8 Cal. Code Regs. § 11040(11).

38.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Break Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

### *Unprovided Meal Periods*

39.    Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants did not provide Plaintiff and members of the **Meal Break Sub-Class** with a meal break policy.

40.    Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants failed to schedule meal periods for Plaintiff and members of the **Meal Break Sub-Class** with a meal break policy.

41.    Plaintiff alleges that, at relevant times during the applicable limitations period, Plaintiff and members of the **Meal Break Sub-Class** were often required to work through their meal periods due to the workload and pressure to get the job done.

42.    Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Break Sub-Class** with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the Wage Order.

### *Late Meal Periods*

43.    Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants have failed to pay premium wages to **Meal Break Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

### *Unprovided Second Meal Periods*

8

44.     Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants employed **Meal Break Sub-Class** members for shifts of ten (10) or more hours without providing them with second meal periods and without paying them premium wages, as required by Labor Code § 512 and the Wage Order.

45.     Moreover, Defendants did not provide Plaintiff and the **Meal Break Sub-Class** members with any written policies that advise employees of their right to take their first meal break before the end of the fifth hour of work, that they are entitled to a second meal break if they work a shift of over ten (10) hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

46.     Plaintiff and members of the **Meal Break Sub-Class** would frequently work shifts in excess of ten hours without receiving a first or second meal period.

47.     At all relevant times, Defendants failed to pay Plaintiff and **Meal Break Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

48.     Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself and the **Meal Break Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

49.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Meal Break Sub-Class** members, seeks to recover reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7, and 1198)**

**(Plaintiff and the Rest Break Sub-Class)**

50.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

51.     At all relevant times, Plaintiff and **Rest Break Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the

9

Labor Code and the Wage Order.

52.    Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

53.    Labor Code § 226.7 and Section 12 the Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees regular rate of pay, on each workday that the employee is not provided with the required rest period(s).

54.    Compensation for missed rest periods constitutes wages within the meaning of the California Labor Code § 200.

55.    Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

56.    Plaintiff alleges that at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Break Sub-Class** members with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

57.    At all relevant times, Defendants failed to pay Plaintiff and other **Rest Break Sub-class** members additional premium wages when required rest periods were not provided.

58.    Specifically, Defendants failed to provide Plaintiff and **Rest Break Sub-Class** members with written policies that advise them of their rights to take a rest break for each four hours worked, and/or major fraction thereof, and that rest breaks should be taken in the middle of each work period insofar as practicable.

59.    Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself, **Rest Break Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

60.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself

and **Rest Break Sub-Class** members, seeks to recover reasonable attorneys' fees.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197, and 1198)

### (By Plaintiff and Delivery Driver Class)

61.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

62.    At all relevant times, Plaintiff and **Delivery Driver Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the Wage Orders.

63.    Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

64.    Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

65.    Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

66.    Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

67.    Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

68.    Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

11

69.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

70.     Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

71.     Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

72.     Labor Code § 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

73.     Labor Code § 510 and Section 3 of the Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

74.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **Delivery Driver Class** members with respect to working conditions and compensation arrangements.

75.     At all relevant times, Plaintiff and **Delivery Driver Class** members were paid a set sum of money for their wages, regardless of the actual number of hours worked.

76.     At all relevant times, Plaintiff and **Delivery Driver Class** members worked over 8 hours in a day, and/or 40 hours in aweek, without receiving overtime compensation for any overtime hours worked.

77.     At all relevant times, Plaintiff and **Delivery Driver Class** members did not receive double time pay for any and all double time hours worked.

78. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the

12

substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself
and **OnTrac Class** members, seeks to recover reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiff and Wage Statement Penalties Sub-Class)

79. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully
alleged herein.

80. Labor Code § 226(a) states in pertinent part the following: " (a) every employer
shall, semimonthly or at the time of each payment of wages, furnish each of his or her
employees, either as a detachable part of the check, draft, or voucher paying the employee's
wages, or separately when wages are paid by personal check or cash, an accurate itemized
statement in writing showing (1) gross wages earned, (2) total hours worked by the  employer,
except for an employee whose compensation is solely based on a salary and who is exempt from
payment of overtime under subdivision (a) of section 515 or any applicable order of the
Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable
piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all
deductions made on written orders of the employee may be aggregated and shown as one time,
(5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7)
the name of the employee and only the last four digits of his or her social security number or an
employee identification number other than a social security number, (8) the name and address
of the legal entity that is the employer and, if the employer".

81. Plaintiff is informed and believes that, at all relevant times, Defendants have
failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements
as described supra in this complaint.

82. Plaintiff is informed and believes that, at all relevant times, Defendants have
failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements
that comply with the requirements of Labor Code 226(a) because employees were not paid for

13

all hours worked thus gross wages earned was not accurately reflected.

83. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code 226(a) because overtime and double time wages were not paid for all overtime and double time hours worked thus gross wages earned was not accurately reflected.

84. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code 226(a) because applicable meal and rest period premiums were not included thus gross wages earned was not accurately reflected.

85. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code 226(a) because  the total hours worked was not reflected.

86. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code 226(a) because overtime and double time hours worked were not included thus total hours worked was not accurately reflected.

87. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code 226(a) because  the net wages earned was not reflected.

88. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code 226(a) because employees were not paid for all hours worked thus net wages earned was not accurately reflected.

89. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements

that comply with the requirements of Labor Code 226(a) because overtime and double time wages were not paid for all overtime and double time hours worked thus net wages earned was not accurately reflected.

90. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code 226(a) because applicable meal and rest period premiums were not included thus net wages earned was not accurately reflected.

91. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code 226(a) because  the inclusive dates of the period for which the employee is paid was not reflected.

92. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code 226(a) because  the name and address of the legal entity(s) that is/are the employer are not relefcted.

93. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code 226(a) all applicable hourly rates and the corresponding number of hours worked at each hourly rate was not reflected.

94. Plaintiff is informed and believes that Defendants' failures to provide him and **Wage Statement Penalties Sub-Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to not comply with Labor Code 226(a).

95. Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants'

15

unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

96. Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Sub-Class)

97. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

98. At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

99. At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

100.     At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

101.     At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

102.     During the applicable limitations period, Defendants failed to pay

16

Plaintiff all of his final wages in accordance with Labor Code § 201 by failing to timely pay him all of his final wages.

103.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with Labor Code §§ 201 or 202.

104.    Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to timely pay them all final wages.

105.    Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to him and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

106.    Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

107.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks awards of reasonable costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200, *et seq.*)**

**(By Plaintiff and UCL Class)**

108.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

109.    Business and Professions Code § 17200 defines "unfair competition" to

17

include any unlawful business practice.

110.     Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

111.     California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

112.     Plaintiff and the UCL Class realleges and incorporates by reference the FIRST, SECOND and THIRD causes of action herein.

113.     Plaintiff lost money or property as a result of the aforementioned unfair competition.

114.     Defendants have, or may have, acquired money by means of unfair competition.

115.     Plaintiff is informed and believes and theron alleges that, by committing the Labor Code violations described in this complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the Labor Code violations mentioned herein.

116.     Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours and by failing to pay non-exempt employee for all hours worked and by failing to reimburse them for all expenses.

### *Wages and Premium Wages*

117.     At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

118.     As stated above, Defendants have violated the Labor Code in multiple

18

respects with regard to Plaintiff and **UCL Class** members, including but not limited to failing to pay them wages, failing to reimburse them for expenses, failing to pay them premium wages, and failing to provide them with accurate wage statements, and failing to pay them all wages due upon separation of employment.

119.    Defendants have, or may have, acquired money or property from **UCL Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have failed to pay Plaintiff and **UCL Class** members wages and premium wages in for missed meal and/or rest periods.

### *Relief Sought*

120.    The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, *et seq*. Business & Professions Code §§ 17200, *et seq*., protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

121.    As a result of Defendants' violations of the Labor Code during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of the aforementioned conduct.

122.    Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

123.    Due to its unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations under the Labor Code.

124.    Pursuant to Business & Professions Code § 17203, Plaintiff, on behalf of himself and the other members of the **UCL Class**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by

19

means of its unlawful and unfair business practices.

125.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and the other members of the **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PAY EMPLOYEES FOR ALL HOURS WORKED

## IN VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT

## (29 U.S.C. § 201, *et seq.*)

## (By Plaintiff and FLSA Class)

126.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

127.    At all material times herein, Plaintiffs and all similarly situated **FLSA Class** who submit Consents to Become Party Plaintiffs are or were employed by and engaged in providing services necessary to driving and delivering packages by Defendant, and have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

128.    The FLSA requires, among other things, that employers pay employees the minimum wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215.

129.    At all material times, the time spent driving and delivering packages is necessarily and directly related to the principal activities of the employee's duties, and thus constitutes compensable time under the FLSA and is subject to the FLSA's overtime requirements. 29 C.F.R. § 785.38.

130.    At all material times herein, Defendants have violated the FLSA by failing to pay employees for all hours worked.

131.    At all material times herein, Defendants have violated the FLSA by failing to pay **FLSA Class** at one-and-one-half (1.5) times the regular rate of pay when employees total hours worked to exceed forty (40) hours in a week.

20

132.    Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by their **FLSA Class**. 29 U.S.C. § 2ll(c).

133.    Plaintiffs and all similarly situated employees are victims of a uniform and entity-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all employees employed by Defendants.

134.    Plaintiffs and all similarly situated individuals are entitled to damages equal to the mandated pay and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

135.    Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. Plaintiffs and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

136.    As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendants have unlawfully withheld compensation from Plaintiffs and all similarly situated individuals. Defendants are liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action. 29 U.S.C.§ 216(b).

## EIGHTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code §§ 2698, *et seq.*)

137.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

138.    During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, and 1198.

139.    Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, of behalf of himself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may,

21

but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure § 382.

140.    Plaintiff, as a former employee against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code § 2699(c).

141.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code § 2699.3.

142.    Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, and 1198:

A.    For violations of Labor Code §§ 201, 202, 203, 212, 226.7, 1194, and 1198, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code § 2699(f)(2));

B.    For violations of Labor Code § 203, a penalty in an amount not exceeding 30 days pay as waiting time (penalties set by Labor Code § 256).

C.    For violations of Labor Code § 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 210);

D.    For violations of Labor Code § 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional,

22

and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 225.5);

E.    For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code § 226.3);

F.    For violations of Labor Code §§ 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code § 558); and

G.    For violations of Labor Code § 1197, $100 for each aggrieved employee for each initial violation of Labor Code § 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of § 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code § 1197.1).

H.    For violations of Labor Code § 558, any person acting on behalf of an employer who violates or causes to be violated a provision of the Labor Code regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to civil penalties and be ordered to pay all unpaid wages.  Defendants failed to provide the aggrieved employees meal and/or rest breaks, minimum and overtime wages, and other wage violations.  Accordingly, the aggrieved employees seek to recover the wages and penalties of Section 558 on behalf of himself and other aggrieved employees. Cal. Lab. Code §§ 2699, 2699.3, and 2699.5.

I.    For violations of Labor Code § 226.8, $25,000.00 for each aggrieved

23

1      employee for each initial violation of Labor Code § 1197 that was

2      intentional, and \$250 for each aggrieved employee per pay period for

3      each subsequent violation of § 1197, regardless of whether the initial

4      violation was intentional (penalties set by Labor Code § 1197.1).

5  143.  Pursuant to Labor Code § 2699(g), Plaintiff seeks awards of reasonable

6  costs and attorneys' fees in connection with his claims for civil penalties.

7           **PRAYER FOR RELIEF**

8   WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the

9  general public prays for relief and judgment against Defendants as follows:

10      A. An order that the action be certified as a class action;

11      B. An order that Plaintiff be appointed class representative;

12      C. An order that counsel for Plaintiff be appointed class counsel;

13      D. Unpaid Wages;

14      E. Actual Damages;

15      F. Restitution;

16      G. Declaratory relief;

17      H. Pre-judgment interest;

18      I. Statutory penalties;

19      J. Civil penalties;

20      K. Costs of suit;

21      L. Reasonable attorneys' fees; and

22      M. Such other relief as the Court deems just and proper.

23         **DEMAND FOR JURY TRIAL**

24   Plaintiff, on behalf of himself, all others similarly situated, and the general public hereby

25  demands a jury trial on all issues so triable.

26  ///

27  ///

  ///

28  ///

24

DATED:  November 30, 2016

SETAREH LAW GROUP

BY _____
SHAUN SETAREH
Attorneys for Plaintiff,
CARLOS MORALES

25