JOHN S. BATTENFELD, BAR NO. 119513
john.battenfeld@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:     +1.213.612.2500
Fax:    +1.213.612.2501

CHRISTOPHER J. BANKS, BAR NO. 218779
christopher.banks@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

MARINA C. GRUBER, Bar No. 271542
marina.gruber@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA  94304-1124
Tel:     +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendant
AMAZON.COM, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MORALES, on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, LLC., a Delaware corporation; PEACH, INC., DBA ACTION MESSENGER SERVICE., a California corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:16-cv-06462-TEH<br><br>**DEFENDANT AMAZON'S NOTICE OF MOTION AND (1) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6) AND (2) MOTION TO STRIKE PURSUANT TO FRCP 12(F)**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Fed. R. Civ. P. 12(b)(6) and 12(f)]**<br><br>Date:        February 27, 2017<br>Time:        10:00 a.m.<br>Judge:       Thelton E. Henderson<br>Courtroom:  2, 17th Floor |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30993881.1                                                          Case No. 3:16-cv-06462-TEH
DEFENDANT AMAZON'S NOT. OF MOT. AND (1) MOT. TO DISMISS AND (2) MOT. TO STRIKE

**NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE**

PLEASE TAKE NOTICE that on February 27, 2017, at 10:00 a.m. or as soon thereafter as counsel may be heard in the courtroom of Judge Thelton E. Henderson, located at 450 Golden Gate Avenue, San Francisco, CA, Courtroom 2 – 17th Floor, Defendant Amazon.com, LLC ("Defendant" or "Amazon") will and does move the Court for an order dismissing the First and Second Claims contained in the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and for an order striking allegations in the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff's Motion to Dismiss is based on the following grounds:

1. The First Claim for Failure to Provide Meal Periods pursuant to California Labor Code sections 204, 223, 226.7, 512, and 1198 must be dismissed because Plaintiff has not pleaded sufficient facts to state a claim upon which relief can be granted.

2. The Second Claim for Failure to Provide Rest Periods pursuant to California Labor Code sections 204, 223, 226.7, and 1198 must be dismissed because Plaintiff has not pleaded sufficient facts to state a claim upon which relief can be granted.

Defendant also moves, pursuant to Rule 12(f), to strike the following portions of the First Amended Complaint:

1. Paragraph 48, Page 9, Line 15, the reference to "Labor Code § 204" on the grounds that any reference to Labor Code section 204 is immaterial, not sufficiently alleged in connection with any cause of action or claim, and there is no private right of action to pursue a claim pursuant to Labor Code section 204 under California law.

2. Paragraph 59, Page 10, Line 24, the reference to "Labor Code § 204" on the grounds that any reference to Labor Code section 204 is immaterial, not sufficiently alleged in connection with any cause of action or claim, and there is no private right of action to pursue a claim pursuant to Labor Code section 204 under California law.

3. Paragraph 70, Page 12, Lines 3 through 6, the phrase "Labor Code § 204 requires employers to pay non-exempts employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30993881.1                           1                    Case No. 3:16-cv-06462-TEH
DEFENDANT AMAZON'S NOT. OF MOT. AND (1) MOT. TO DISMISS AND (2) MOT. TO STRIKE

no later than the next regular payday" on the grounds that this allegation is immaterial, not sufficiently alleged in connection with any cause of action or claim, and there is no private right of action allowing Plaintiff to pursue a claim pursuant to Labor Code section 204 under California law.

4. Paragraph 71, Page 12, Lines 7 through 8, the phrase "Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages" on the grounds that this allegation is immaterial, not sufficiently alleged in connection with any cause of action or claim, and there is no private right of action to pursue a claim pursuant to Labor Code section 223 under California law.

5. Paragraph 84, Page 14, Lines 7 through 10, the entirety of the paragraph reading, "Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide Wage Statement Penalties Sub-Class members with written wage statements that comply with the requirements of Labor Code 226(a) because applicable meal and rest period premiums were not included thus gross wages earned was not accurately reflected," on the grounds that this allegation is immaterial, derivative, and not sufficiently alleged, in light of Plaintiff's failure to sufficiently allege his First and Second Claims.

6. Paragraph 90, Page 15, Lines 4 through 7, the entirety of the paragraph reading, "Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide Wage Statement Penalties Sub-Class members with written wage statements that comply with the requirements of Labor Code 226(a) because applicable meal and rest period premiums were not included thus net wages earned was not accurately reflected," on the grounds that this allegation is immaterial and not sufficiently alleged, in light of Plaintiff's failure to sufficiently allege his First and Second Claims.

7. Paragraph 116, Page 18, Lines 20 through 22, the phrase "failing to comport with their affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours and" on the grounds that this allegation is immaterial and not sufficiently alleged, in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30993881.1                                    2                          Case No. 3:16-cv-06462-TEH
DEFENDANT AMAZON'S NOT. OF MOT. AND (1) MOT. TO DISMISS AND (2) MOT. TO STRIKE

light of Plaintiff's failure to sufficiently allege his First and Second Claims.

8.     Paragraph 116, Page 18, Line 23, the phrase "and by failing to reimburse them for all expenses" on the grounds that this allegation is immaterial and not sufficiently alleged in connection with any cause of action or claim.

9.     Paragraph 118, Page 19, Line 2, the phrase "failing to reimburse them for expenses" on the grounds that this allegation is immaterial and not sufficiently alleged in connection with any cause of action or claim.

10.     Paragraph 119, Page 19, Lines 5 through 8, the entirety of the paragraph reading, "Defendants have, or may have, acquired money or property from UCL Class members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have failed to pay Plaintiff and UCL Class members wages and premium wages in for missed meal and/or rest periods," on the grounds that this allegation is immaterial and not sufficiently alleged, in light of Plaintiff's failure to sufficiently allege his First and Second Claims.

11.     Paragraph 132, Page 21, Lines 1 through 2, the phrase "Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by their "**FLSA Class**" (emphasis in original), on the grounds that this allegation is immaterial and there is no private right of action pursuant to 29 U.S.C. § 211(c).

12.     Paragraph 138, Page 21, Line 25, the reference to "Labor Code § 223" on the grounds that any reference to Labor Code section 223 is immaterial, not sufficiently alleged in connection with any cause of action or claim, and there is no private right of action to pursue a claim pursuant to Labor Code section 223 under California law.

13.     Paragraph 142, Page 22, Line 9, the reference to "§ 204" on the grounds that this allegation is immaterial, not sufficiently alleged in connection with any cause of action or claim, and there is no private right of action to pursue a claim pursuant to Labor Code section 223 under California law.

14.     Paragraph 142(B), page 22, Lines 15–16, the entirety of the paragraph, "For violations of Labor Code § 203, a penalty in an amount not exceeding 30 days' pay as waiting

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30993881.1                3                Case No. 3:16-cv-06462-TEH
DEFENDANT AMAZON'S NOT. OF MOT. AND (1) MOT. TO DISMISS AND (2) MOT. TO STRIKE

time (penalties set by Labor Code § 256) (penalties set by Labor Code § 256)" on the grounds that it is immaterial in that Labor Code § 256 applies only to seasonal workers, which does not include Plaintiff or the other drivers on whose behalf he seeks to pursue claims.

15.     Paragraph 142(D), Page 22, Lines 25 through 28, and Page 23, Line 1 through 4, the phrase "For violations of Labor Code § 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 225.5)" on the grounds that this allegation is immaterial, not sufficiently alleged in connection with any cause of action or claim, and there is no private right of action to pursue a claim pursuant to Labor Code section 223 under California law.

16.     Paragraph 142(H), Page 23, Lines 25 through 28, and Page 23, Line 1 through 4, the phrase "meal and/or rest breaks," on the grounds that this allegation is immaterial, derivative, and not sufficiently alleged, in light of Plaintiff's failure to sufficiently allege his First and Second Claims.

17.     Paragraph 142(I), Page 22, Line 28, through Page 23, Line 4, the entirety of the paragraph, which reads, "For violations of Labor Code § 226.8, $25,000.00 for each aggrieved employee for each initial violation of Labor Code § 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of § 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code § 1197.1)," on the grounds that Plaintiff has not sufficiently alleged any entitlement to penalties under Labor Code § 226.8.

///

///

///

///

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30993881.1                                      4                          Case No. 3:16-cv-06462-TEH
DEFENDANT AMAZON'S NOT. OF MOT. AND (1) MOT. TO DISMISS AND (2) MOT. TO STRIKE

1        Defendant bases this motion on this notice of motion, the supporting memorandum of

2    points and authorities, and such other evidence and arguments as Defendant may present on reply

3    and at oral argument.

4

5    Dated: January 13, 2017              MORGAN, LEWIS & BOCKIUS LLP

6

7                      By  */s/ Marina C. Gruber*

                        John S. Battenfeld

8                            Christopher J. Banks

                        Marina C. Gruber

9                            Attorneys for Defendant

                        AMAZON.COM, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

I.  INTRODUCTION .................................................................................................................. 1

II.  PROCEDURAL BACKGROUND ......................................................................................... 2

III.  PLAINTIFF'S INSUFFICIENT ALLEGATIONS ................................................................ 2

IV.  LEGAL ARGUMENT ........................................................................................................... 4

   A.  The Court Should Dismiss Plaintiff's First and Second Claims from the
       First Amended Complaint ........................................................................................... 4

      1.  Legal Standard For A Rule 12 Motion To Dismiss ....................................... 4

      2.  This Court Should Dismiss The First Claim For Failure to Provide
          Meal Periods Because Plaintiff Has Not Alleged Facts Sufficient To
          Establish His Claims ...................................................................................... 5

         a.  Plaintiff's Claim for Unprovided Meal Periods Relies on
             Conclusory Allegations and Must Fail ............................................. 5

         b.  Plaintiff's Late Meal Period Claim Alleges No Facts And
             Must Fail .......................................................................................... 9

         c.  Plaintiff's Unprovided Second Meal Period Claim Lacks
             Factual Allegations and Fails As Well ............................................ 10

      3.  This Court Should Dismiss Plaintiff's Second Claim For Failure to
          Provide Rest Periods Because Plaintiff Has Not Alleged Facts
          Sufficient To Plausibly Establish This Claim ............................................. 10

   B.  Impertinent and Immaterial Portions of Plaintiff's First Amended
       Complaint Should be Stricken from the First Amended Complaint ......................... 11

      1.  The Court Should Strike All Other References to Alleged Meal and
          Rest Break Violations ................................................................................... 11

      2.  The Court Should Strike Certain References to Labor Code
          Sections 204 and 210 ................................................................................... 12

      3.  The Court Should Strike All References to Labor Code Section 223 ...... 12

      4.  The Court Should Strike Plaintiff's Allegation Under Labor Code
          Section 226.8 ................................................................................................ 13

      5.  The Court Should Strike Plaintiff's Allegation for Penalties Under
          Labor Code Section 256 ............................................................................... 14

      6.  The Court Should Strike Plaintiff's Allegation Under 29 U.S.C.
          § 211(c) ........................................................................................................ 14

      7.  The Court Should Strike All References to Defendants' Alleged
          Failure to Reimburse Expenses .................................................................... 15

V.  CONCLUSION .................................................................................................................... 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT AMAZON'S MPA ISO (1) MOTION TO DISMISS AND (2) MOTION TO STRIKE

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ......................................................................................... passim

*Assoc. Gen. Contr. of Cal. v. Cal. State Council of Carpenters,*
   459 U.S. 519 (1983) ....................................................................................................5

*Balistreri v. Pacifica Police Dep't,*
   901 F.2d 696 (9th Cir. 1990)......................................................................................4

*Bell Atlantic Corporation v. Twombly,*
   550 U.S. 544 (2007) ...............................................................................................1, 4

*Bellinghausen v. Tractor Supply Co.,*
   No. C-13-02377 JSC, 2013 WL 6057847 (N.D. Cal. Nov. 15, 2013) .......................7

*Benton v. Telecom Network Specialists, Inc.,*
   220 Cal. App. 4th 701 (2013)......................................................................................7

*Brinker Restaurant Corp. v. Super. Ct. (Hohnbaum),*
   53 Cal. 4th 1004 (2012) ...............................................................................6, 7, 9, 10

*Brown v. Wal-Mart Stores, Inc.,*
   No. C 08-5221 SI, 2013 WL 1701581 (N.D. Cal. Apr. 18, 2013)..............................8

*Carrasco v. C.H. Robinson Worldwide, Inc.,*
   No. 1:13-cv-01438-LJO-SAB, 2013 WL 6198944 (E.D. Cal. Nov. 27, 2013) .........5

*Driscoll v. Granite Rock Co.,*
   6 Cal. App. 5th 215 (2016).........................................................................................7

*Duff-Brown v. City and County of San Francisco,*
   No. C11-3917 TEH, 2013 WL 163530 (N.D. Cal. Jan. 15, 2013) ..........................14

*Fantasy, Inc. v. Fogerty,*
   984 F.2d 1524 (9th Cir. 1993) (overruled on other grounds by *Fogerty v.*
   *Fantasy, Inc.*, 510 U.S. 517 (1994))........................................................................11

*Gutierrez v. Aaron's Inc.,*
   No. 10-02417, 2010 WL 4968142 (E.D. Cal. Nov. 30, 2010)..............................6, 11

*Hancock v. Walt Disney World Inc.,*
   136 Fed. Appx. 18 (9th Cir. 2005) ...........................................................................14

*Jeske v. Maxim Healthcare Servs., Inc.,*
   No. CV F 11–1838 LJO JLT, 2012 WL 78242 (E.D. Cal. Jan. 10, 2012)...............12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT AMAZON'S MPA ISO (1) MOTION TO DISMISS AND (2) MOTION TO STRIKE

*Johnson v. Hewlett-Packard Co.*,
   809 F. Supp. 2d 1114 (N.D. Cal. 2011) ........................................................12, 13

*Kenny v. Supercuts, Inc.*,
   252 F.R.D. 641 (N.D. Cal. 2008) ........................................................................8

*Landers v. Quality Commc'ns. Inc.*,
   771 F.3d 638 (9th Cir. 2014)...........................................................................8, 10

*Lopez v. Wendy's Ina, Inc.*,
   No. 11-00275, 2011 WL 6967932 (C.D. Cal. Sept. 19, 2011) ...................................8

*McArdle v. AT&T Mobility LLC*,
   657 F. Supp. 2d 1140 (N.D. Cal. 2009) .............................................................11

*McCarthy v. Mayo*,
   827 F.2d 1310 (9th Cir. 1987)...........................................................................5

*Perez v. Wells Fargo & Co.*,
   75 F. Supp. 3d 1184 (N.D. Cal. Dec. 11, 2014) ....................................................8

*Plumbing, Heating etc. Council v. Howard*,
   53 Cal. App. 3d 828 (1975)..............................................................................14

*Ricaldai v. U.S. Investigations Servs., LLC*
   878 F. Supp. 2d 1038 (C.D. Cal. 2012)................................................................7

*Schneider v. Space Systems/Loral, Inc.*,
   No. 5:11-cv-02489-JF, 2011 WL 4344232 (N.D. Cal. Sept. 15, 2011)........................9

*Shroyer v. New Cingular Wireless Servs., Inc.*,
   622 F.3d 1035 (9th Cir. 2010)...........................................................................5

*Singer v. Becton, Dickinson and Co.*,
   No. 08cv821 IEG (BLM), 2008 WL 2899825 (S.D. Cal. July 25, 2008)....................12

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011)...........................................................................5

*Vicko Ins. Serv. Ins. v. Ohio Indem. Co.*,
   70 Cal. App. 4th 55 (1999)..............................................................................12

*Weigele v. FedEx Ground Package Sys.*,
   No. 06-CV-1330 JLS (POR), 2010 WL 4723673 (S.D. Cal. Nov. 15, 2010)................5

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010)............................................................................11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30993881.1

iii

Case No. 3:16-cv-06462-TEH

DEFENDANT AMAZON'S MPA ISO (1) MOTION TO DISMISS AND (2) MOTION TO STRIKE

**STATUTES**

28 U.S.C.
§ 1331 ..................................................................................................................2
§ 1441 ..................................................................................................................2
§ 1446 ..................................................................................................................2

29 U.S.C.
§ 211 ..................................................................................................................14
§ 211(c) .........................................................................................................2, 14

Cal. Lab. Code
§ 204 .................................................................................................................12
§ 210 .................................................................................................................12
§ 223 ..........................................................................................................2, 12, 13
§ 223(b) ..............................................................................................................13
§ 225.5 ..........................................................................................................12, 13
§ 226.7 .......................................................................................................5, 6, 7, 9
§ 226.7(a) ............................................................................................................7
§ 226.8 ................................................................................................................13
§ 226.8(i)(4) ........................................................................................................13
§ 250 .................................................................................................................14
§ 256 ...........................................................................................................2, 14
§ 512 ...............................................................................................................6, 9
§ 2698, *et seq.* .....................................................................................................1

California Private Attorneys General Act ("PAGA") .......................................1, 2, 12, 13

Fair Labor Standards Act ("FLSA") ...................................................................1, 3, 14

**RULES**

F.R.C.P.
8.........................................................................................................................1
8(a) ....................................................................................................................4
12.......................................................................................................................4
12(b)(6) ...........................................................................................................4, 5
12(f) .................................................................................................................11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30993881.1                                   iv                    Case No. 3:16-cv-06462-TEH
DEFENDANT AMAZON'S MPA ISO (1) MOTION TO DISMISS AND (2) MOTION TO STRIKE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Carlos Morales has filed this putative class action alleging that Defendant Amazon.com, LLC ("Amazon") and Peach, Inc., d/b/a Action Messenger Service ("Peach") misclassified him and similarly situated individuals as independent contractors.  The First Amended Complaint ("FAC") contains eight claims: (1) failure to provide meal periods (FAC, ¶¶ 31–49); (2) failure to provide rest periods (FAC, ¶¶ 50–60); (3) failure to pay hourly wages (FAC, ¶¶ 61–78); (4) failure to provide accurate written wage statements (FAC, ¶¶ 79–96); (5) failure to timely pay all final wages (FAC, ¶¶ 97–107); (6) unfair competition (FAC, ¶¶ 108–125); (7) failure to pay employees for all hours worked in violation of the Fair Labor Standards Act (FAC, ¶¶ 126–136); and (8) penalties pursuant to the California Private Attorneys General Act ("PAGA") under California Labor Code § 2698, *et seq.* (FAC, ¶¶ 137–143).

Defendant Amazon[1] moves this Court for an order dismissing Plaintiff's first and second causes of action because they lack sufficient factual allegations to support an action against Amazon.  These claims are based upon conclusory allegations and legal conclusions rather than alleged facts as required by the United States Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007) (complaint can survive 12(b)(6) motion only where the plaintiff alleges "enough facts to state a claim for relief that is plausible on its face") and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 demands more than "unadorned, the-defendant-unlawfully-harmed-me accusation" or a "formulaic recitation of the elements of a cause of action").

Defendant Amazon also moves this Court for an order striking portions of Plaintiff's FAC, including:

- Allegations in causes of action other than Plaintiff's First and Second Claims that seek to impose liability premised on the insufficiently-alleged, purported meal and rest break violations;

---

[1]  Defendant Amazon is informed that Defendant Peach, Inc. will be filing a motion to join in Defendant Amazon's Motion to Dismiss and Motion to Strike.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- Allegations in causes of action other than Plaintiffs' Eighth Claim (for PAGA penalties) that seek to impose direct liability against Defendants under Labor Code sections 204 and 223[2] and under 29 U.S.C. section 211(c) on the grounds that there are no private rights of action under these code sections;

- Allegations seeking to recover PAGA penalties for purported violations of Labor Code sections 223 and 226.8 on the grounds that Plaintiff has failed to allege sufficient facts to establish a violation of this section of the Labor Code;

- Allegations seeking to recover PAGA penalties for alleged violations of Labor Code section 256 on the grounds that section 256 only applies to seasonal workers; and

- Allegations in the UCL claim that Defendants have failed to reimburse Plaintiff and "the UCL Class" for alleged expenses, on the grounds that Plaintiff has failed to allege any facts to support a claim for unreimbursed expenses.

## II.   PROCEDURAL BACKGROUND

Plaintiff Morales filed the Complaint in this action in the Superior Court of California for the County of Alameda on September 27, 2016.  (Dkt. #1, Exh. A.)  On November 4, 2016, Amazon timely removed this case to the Northern District of California pursuant to 28 U.S.C. sections 1331, 1441, and 1446.  (Dkt. #1.)  On November 30, 2016, Plaintiff filed a First Amended Complaint before the agreed time for Defendants to respond to the original Complaint had expired.  (Dkt. #13.)  On December 28, 2016, the parties stipulated to extend Defendants' deadlines to file responsive pleadings until January 13, 2017.  (Dkt. #17.)

## III.   PLAINTIFF'S INSUFFICIENT ALLEGATIONS

Plaintiff alleges he was employed by "Defendants" to perform work in the County of Los Angeles from May 2016 to September 2016.  (FAC, ¶¶ 5, 10.)  Plaintiff alleges that "Defendants willfully misclassified Plaintiff and the other aggrieved employees as independent contractors.  At all relevant times, they have engaged in a pattern and/or practice of doing so."  (FAC, ¶ 19.)

Plaintiff seeks to bring this class action on behalf of two main classes: (1) a California "**Delivery Driver Class**" consisting of "[a]ll persons employed as 'delivery drivers' and/or with similar job titles or duties at Amazon warehouse locations in California during the **Relevant**

---

[2]  Plaintiff's allegations pertaining to Labor Code section 223 in the PAGA claim are also subject to the motion to strike because Plaintiff has not alleged sufficient facts to support a violation of Labor Code section 223.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30993881.1                    2                    Case No. 3:16-cv-06462-TEH
DEFENDANT AMAZON'S MPA ISO (1) MOTION TO DISMISS AND (2) MOTION TO STRIKE

**Time Period**"; and (2) a nationwide **"FLSA Class"** consisting of "[a]ll persons employed as 'delivery drivers' and/or with similar job titles or duties at Amazon warehouse locations who worked in the United States in the past three years." (FAC, ¶ 23.) Plaintiff defines the "Relevant Time Period" for the California Class as "the time period beginning four years prior to the filing of this action until judgment is entered." (FAC, ¶ 22.) Plaintiff also seeks to represent several subclasses:

> **Action Messenger Sub-Class**: All **Delivery Driver Class** members who worked through Action Messenger in California during the **Relevant Time Period**.

> **Meal Break Sub-Class**: All **Delivery Driver Class** and **Action Messenger Sub-Class** members who worked a shift in excess of five hours during the **Relevant Time Period**.

> **Rest Break Sub-Class**: All **Delivery Driver Class** and **Action Messenger Sub-Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

> **Wage Statement Penalties Sub-Class**: All **Delivery Driver Class** and **Action Messenger Sub-Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

> **Waiting Time Penalties Sub-Class**: All **Delivery Driver Class** and **Action Messenger Sub-Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

> **UCL Class**: All **Delivery Driver Class** and **Action Messenger Sub-Class** members employed by Defendants in California during the **Relevant Time Period**.

(FAC, ¶ 23.) (Emphasis in original.)

**Meal Break Allegations**

Plaintiff alleges that during the applicable limitations period, Defendants: failed to provide Plaintiff and members of the Meal Break Sub-Class with a meal break policy, and failed to schedule meal periods for Plaintiff and members of the Meal Break Sub-Class with a meal break policy. (FAC, ¶¶ 39–40.) Plaintiff also broadly alleges that he and "members of the Meal Break Sub-Class" were "often required to work through their meal periods due to the workload and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30993881.1                              3                        Case No. 3:16-cv-06462-TEH
DEFENDANT AMAZON'S MPA ISO (1) MOTION TO DISMISS AND (2) MOTION TO STRIKE

pressure to get the job done." (FAC, ¶ 41.)  Plaintiff then makes the conclusory allegation that "Defendants maintained a policy or practice of not providing Plaintiff [and others] with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period." (*Id.* at ¶ 42.)  Plaintiff alleges that Defendants also provided late meal periods, and "failed to pay premium wages to Meal Break Sub-Class members when they worked five (5) hours without clocking out for any meal period." (FAC, ¶ 43.)  Finally, Plaintiff alleges that Defendants failed to provide second meal periods for shifts of ten (10) hours or more. (FAC, ¶¶ 44–45.)

**Rest Break Allegations**

Plaintiff alleges that during the applicable limitations period, Defendants maintained a policy of not providing net rest periods of ten minutes for each four (4) hour work period. (FAC, ¶ 56.)  Plaintiff also alleges that he was not paid additional premium wages for missed rest breaks. (FAC, ¶ 57.)  Further, Plaintiff alleges that "[s]pecifically, Defendants failed to provide Plaintiff and Rest Break Sub-class members with written policies that advise them of their rights to take a rest break for each four hours worked, and/or major fraction thereof, and that rest breaks should be taken in the middle of each work period insofar as practicable." (FAC, ¶ 58.)

## IV.   LEGAL ARGUMENT

### A.   The Court Should Dismiss Plaintiff's First and Second Claims from the First Amended Complaint.

#### 1.   Legal Standard For A Rule 12 Motion To Dismiss.

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  "[F]actual allegations must be enough to raise a right to relief above the speculative level" and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," must be alleged. *Twombly*, 550 U.S. at 555. Although Rule 8(a) "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quotation omitted).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30993881.1                                        4                           Case No. 3:16-cv-06462-TEH
DEFENDANT AMAZON'S MPA ISO (1) MOTION TO DISMISS AND (2) MOTION TO STRIKE

Showing plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Conclusory allegations are disregarded, and the court may not "supply essential allegations of the claim that were not initially pled." *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987). Nor may a court assume that a plaintiff can prove facts different from those alleged. *Assoc. Gen. Contr. of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). When an alleged claim for relief lacks sufficient facts under a viable legal theory, dismissal under Rule 12(b)(6) is warranted. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

> **2.     This Court Should Dismiss The First Claim For Failure to Provide Meal Periods Because Plaintiff Has Not Alleged Facts Sufficient To Establish His Claims.**
>
> > **a.     Plaintiff's Claim for Unprovided Meal Periods Relies on Conclusory Allegations and Must Fail.**

Plaintiff's First Claim alleging that Defendants failed to provide him with required meal periods should be dismissed because Plaintiff's FAC fails to allege "sufficient allegations of underlying facts to give [Defendants] fair notice" of the factual basis for the claim. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In particular, Plaintiff is required to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quotation omitted). Here, Plaintiff is required to plead facts that "specify precisely how Defendants failed to 'provide' a meal break . . ." *See, e.g., Carrasco v. C.H. Robinson Worldwide, Inc.*, No. 1:13-cv-01438-LJO-SAB, 2013 WL 6198944, at *9–10 (E.D. Cal. Nov. 27, 2013) (dismissing plaintiff's meal and rest break claims for failing to meet *Iqbal/Twombly* standards), report and recommendation adopted by 2013 WL 6798746, at *1 (E.D. Cal. Dec. 19, 2013); *Weigele v. FedEx Ground Package Sys.*, No. 06-CV-1330 JLS (POR), 2010 WL 4723673, at *4–5 (S.D. Cal. Nov. 15, 2010) (finding the following allegations insufficient: "Defendant required Plaintiffs to work . . . without being giving a 30-minute meal period for shifts of at least five hours and second 30-minute meal periods for shifts of at least ten hours . . . Defendant's conduct violated the applicable Wage Orders and Labor Code section 226.7"). Instead of pleading facts that specify how each Defendant allegedly failed to "provide" Plaintiff or any other

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30993881.1                                   5                          Case No. 3:16-cv-06462-TEH
DEFENDANT AMAZON'S MPA ISO (1) MOTION TO DISMISS AND (2) MOTION TO STRIKE

alleged class member his or her meal breaks, most of Plaintiff's first claim is devoted to restating the applicable law and then imprecisely lumping the two defendants together by using the collective term "Defendants" rather than making specific allegations about Amazon's or Peach's alleged conduct.  Such conclusory allegations fail to include sufficient facts to state a claim for alleged failure to provide meal periods or provide "fair notice" of the factual basis for any such claim against either Defendant.  *Gutierrez v. Aaron's Inc.*, No. 10-02417, 2010 WL 4968142 *3 (E.D. Cal. Nov. 30, 2010) (dismissing meal period claim because it contained only "a recitation of the applicable law followed by a legal conclusion referencing Defendant").

To establish a claim for meal period violations under Labor Code Section 226.7, Plaintiff must allege facts sufficient to demonstrate that a "meal period ***was not provided***."  *Brinker Restaurant Corp. v. Super. Ct. (Hohnbaum)*, 53 Cal. 4th 1004, 1041-42 (2012) (emphasis added). A meal break is provided so long as an employer "relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so."  *Id.* at 1040. Plaintiff's FAC fails to allege any facts plausibly stating an actual failure to provide meal breaks to Plaintiff individually, much less on a class-wide basis.  Instead, Plaintiff's first cause of action makes four insufficient allegations; namely, that: (1) Defendants allegedly did not provide him and other members of the Meal Break Sub-Class with a meal break policy; (2) Defendants allegedly failed to schedule meal periods for Plaintiff and other members of the Meal Break Sub-Class; (3) Plaintiff and other members of the Meal Break Sub-Class were allegedly "often" required to work through their meal periods due to pressure from Defendant(s); and (4) Defendants allegedly had a policy or practice of not providing thirty-minute meal periods for each five hour work period.  (FAC, ¶¶ 39–42.)  These bare allegations, regardless of whether they are considered separately or together, do not state a claim for violation of Labor Code section 512.

First, Plaintiff's contention that Defendants failed to provide sub-class members with a meal period policy is insufficient to state a claim because Defendants were not required by law to provide employees with a policy.  Regardless of whether Plaintiff's claim is that Defendants did not have a policy or whether there was a policy but it was not disseminated (a distinction which is

unclear from the FAC), Plaintiff has failed to allege a claim.  Having a meal period policy is not determinative of whether Plaintiff was *provided* legally-compliant meal periods.  *See, e.g.*, *Bellinghausen v. Tractor Supply Co.*, No. C-13-02377 JSC, 2013 WL 6057847, *5 (N.D. Cal. Nov. 15, 2013) (citing *Benton v. Telecom Network Specialists, Inc.*, 220 Cal. App. 4th 701 (2013) and reminding the plaintiff in that case that '*Benton* is not authority for the proposition that an employer violates the Labor Code solely by failing to provide a written policy that explicitly informs the employees of the timing of breaks.').  The Court in *Bellinghausen* also refused to hold that an employer could be liable under the Labor Code simply for failing to provide a meal period policy that specified when meal periods should be taken.  "Plaintiff contends that *Ricaldai v. U.S. Investigations Servs.*, LLC, 878 F. Supp. 2d 1038 (C.D. Cal. 2012) stands for the proposition that an employer may be liable under the Labor Code for failing to provide a written policy that includes an explanation of proper timing of meal breaks.  The Court disagrees [on the grounds that the court in *Ricaldai* found it was for the trier of fact to determine whether pressure exerted by the employer to not take breaks undermined its written meal period policy]."  *Id.* at *5. Plaintiff's allegation that Defendants allegedly did not provide him and other members of the Meal Break Sub-Class with a meal break policy therefore is insufficient to plausibly state a Labor Code violation.

Second, Plaintiff's claim that Defendants failed to schedule meal breaks is insufficient to state a claim because Defendants were under no legal obligation to do so.  California Labor Code Section 226.7 ("Section 226.7") provides that "[n]o employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."  Cal. Lab. Code § 226.7(a).  The California Supreme Court held that an employer is not obligated to *ensure* that an employee takes and/or does not work during off-duty meal periods; rather, an employer's obligation is only to ***provide*** a reasonable opportunity to take meal periods.  *Brinker*, 53 Cal. 4th at 1040.  Further, "the employer is not obligated to police meal breaks and ensure no work thereafter is performed."  *Id.* at 1040–41.  As such, courts have held: "The law is clear that an employer is not required to schedule meal periods in order to comply with their legal meal-period obligations."  *See Driscoll v. Granite Rock Co.*, 6 Cal. App. 5th 215,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30993881.1                                    7                        Case No. 3:16-cv-06462-TEH
DEFENDANT AMAZON'S MPA ISO (1) MOTION TO DISMISS AND (2) MOTION TO STRIKE

224 (2016); *Kenny v. Supercuts, Inc.*, 252 F.R.D. 641, 646 (N.D. Cal. 2008). Plaintiff's allegation that Defendants allegedly failed to schedule meal periods for Plaintiff and other members of the Meal Break Sub-Class is thus also insufficient to state a claim.

Third, Plaintiff's vague allegation that he and others were "often" required to work through meal periods due to "workload and pressure" is insufficient to state a claim for two reasons. As an initial matter, Plaintiff has pleaded this claim with no specificity as to his own circumstances, much less an entire alleged California sub-class. "The invocation of the terms 'often' and 'regularly' cannot save the FAC. Such terms are far too vague." *Landers v. Quality Commc'ns. Inc.*, 771 F.3d 638, 644–45 (9th Cir. 2014) (dismissing complaint alleging that plaintiff "regularly" and "consistently" worked more than forty hours per week); *Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1191 (N.D. Cal. Dec. 11, 2014) (same).

Additionally, Plaintiff's claim fails because he has failed to plead specific facts as to any workload or pressure that would establish a requirement to work through meal periods. Such facts are necessary; conclusory allegations that a defendant "pressure[d]" or even "prevented" employees from taking such breaks are insufficient. *See Brown v. Wal-Mart Stores, Inc.*, No. C 08-5221 SI, 2013 WL 1701581, *5 (N.D. Cal. Apr. 18, 2013) (holding that plaintiffs failed to plead sufficient facts of a violation of California's meal and rest break requirements and specifically that plaintiffs did not provide any facts surrounding the alleged tactics used to 'pressure, incentivize, and discourage' taking of meal breaks); *Lopez v. Wendy's Ina, Inc.*, No. 11-00275, 2011 WL 6967932, at *6 (C.D. Cal. Sept. 19, 2011) (dismissing meal and rest break claims where plaintiff "has not clearly alleged the factual basis for her claim that Wendy's had policies that violated the Labor Code. Lopez has not specified what company policies prevented, discouraged, or dissuaded employees from taking meal and rest breaks, or even if employees were dissuaded. Absent such allegations, the complaint does not give Wendy's adequate notice regarding the nature of the claims to which it must respond or sufficiently state the facts on which the claims are based.") (citation omitted)).

Fourth, Plaintiff's allegation that Defendants maintained a policy or practice of not providing 30-minute meal periods for each five (5) hour work period (FAC, ¶ 42) is insufficient

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30993881.1                                    8                    Case No. 3:16-cv-06462-TEH
DEFENDANT AMAZON'S MPA ISO (1) MOTION TO DISMISS AND (2) MOTION TO STRIKE

to state a claim both because it simply states a legal conclusion and because this is not what Labor Code section 512 requires.  Section 512 provides:

> An employer may not employ an employee for a work period of *more than five hours* per day without providing the employee with a meal period of not less than 30 minutes, ***except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.*** An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(Emphasis added.)  Plaintiff does not allege how many hours he actually worked, nor does he plead any facts in support of his allegation that Defendants maintained *a policy of not providing* meal periods for Plaintiff to take when he chose.  Without such factual allegations, Plaintiff cannot state his first cause of action.  *Schneider v. Space Systems/Loral, Inc.*, No. 5:11-cv-02489-JF, 2011 WL 4344232, *2 (N.D. Cal. Sept. 15, 2011) ("Such 'naked assertions devoid of further factual enhancement' are insufficient to state a claim" under Cal. Labor Code sections 226.7 and 512) (quoting *Iqbal*, 556 U.S. at 678).

### b.    Plaintiff's Late Meal Period Claim Alleges No Facts And Must Fail.

Plaintiff's allegation of "Late Meal Periods" is based solely on the assertion that Defendants "failed to pay premium wages when he and others in the Meal Break Sub-Class worked five (5) hours without clocking out for any meal period."  (FAC, ¶ 43.)  This claim is also insufficient because it is conclusory and fails to make *any* allegations whatsoever contending that meal periods were actually late or the reasons they were late.  *See, e.g., Schneider*, 2011 WL 4344232, at *2.  A failure to "pay premium wages" does not violate the Labor Code unless meal periods were not provided in the first place.  And the mere fact that an employee did not "clock out" for a meal period does not by itself create any liability under the *Brinker* standard.  California law does not require that employees clock out in order to have been provided meal periods.  None of these allegations in support of Plaintiff's "Late Meal Periods" are sufficiently

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30993881.1                                    9                          Case No. 3:16-cv-06462-TEH
DEFENDANT AMAZON'S MPA ISO (1) MOTION TO DISMISS AND (2) MOTION TO STRIKE

1   pleaded to demonstrate that Defendants failed to provide compliant meal periods under California

2   law.  *Id.*

3                   **c.   Plaintiff's Unprovided Second Meal Period Claim Lacks**

4                             **Factual Allegations and Fails As Well.**

5        Plaintiff alleges that employees were not given a written policy advising them of their

6   right to take first and second meal breaks.  (FAC, ¶ 45.)  As discussed in subsection (V)(A)(2)(a)

7   *supra*, this allegation is not sufficient to state a claim for meal period violations under California

8   law.  Plaintiff does not allege any facts to plausibly establish that he or anyone else was not

9   provided with a reasonable opportunity to take a second meal period if they worked more than 10

10  hours.  Instead, Plaintiff alleges that he and others "would frequently work shifts in excess of ten

11  hours without *receiving* a first or second meal period."  (FAC, ¶ 46.) (Emphasis added.)  As

12  discussed above, this vague and conclusory allegation is insufficient.  *See Landers*, 771 F.3d at

13  644–45.  Alleging that Plaintiff did not "receive" a meal period says nothing about how, or even

14  if, either defendant failed to provide a reasonable opportunity to take second meal periods.  *See*

15  *Brinker*, 53 Cal. 4th at 1040.  None of Plaintiff's allegations are sufficient to establish a claim for

16  unprovided second meal periods.

17       For the foregoing reasons, the Court should dismiss the first claim because the conclusory

18  allegations do not sufficiently state a claim for meal period violations.

19           **3.   This Court Should Dismiss Plaintiff's Second Claim For Failure to**

20               **Provide Rest Periods Because Plaintiff Has Not Alleged Facts**
             **Sufficient To Plausibly Establish This Claim.**

21       Plaintiff's second claim for rest break violations, like his meal break claim, relies on

22  recitations of California law instead of fact allegations and is conclusory and unsupported.  As

23  such, it is also insufficient to state a claim under the *Twombly/Iqbal* pleading standard.  As with

24  Plaintiff's meal period claim, he alleges that Defendants failed to provide him and others with a

25  policy "advising them of their rights" to take rest breaks.  (FAC, ¶¶ 56, 58.)  The failure to

26  provide "written policies" is Plaintiff's *only* factual allegation concerning rest breaks.  He does

27  not allege if, much less how, Amazon (or Peach) failed to authorize and permit rest breaks.  He

28  does not even allege whether or not he took rest breaks.  He alleges nothing in support of his

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30993881.1                                    10                          Case No. 3:16-cv-06462-TEH
DEFENDANT AMAZON'S MPA ISO (1) MOTION TO DISMISS AND (2) MOTION TO STRIKE

claim that Defendants violated the law.  As discussed above, alleged failure to have written policies is not sufficient evidence of a failure to authorize and permit rest breaks in accordance with the law.  *See also Gutierrez*, 2010 WL 4968142 at *3 (dismissing rest breaks claims and holding "[w]ith only a legal conclusion and limited factual allegations supporting the claim, Plaintiff has merely alleged a suspicion of a right to relief. He has not nudged his claim across the line from conceivable to plausible").  Nothing in Plaintiff's FAC concerning rest breaks meets the *Iqbal/Twombly* pleading standards as he fails to allege any facts in support of his Second Claim.

For the foregoing reasons, the second claim fails to allege sufficient facts supporting Plaintiff's claim upon which relief may be granted and thus his second claim must be dismissed.

**B.**   **Impertinent and Immaterial Portions of Plaintiff's First Amended Complaint Should be Stricken from the First Amended Complaint.**

Pursuant to Rule 12(f), the Court may strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (Rule 12(f) motions allow for avoidance of "the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial").  "Matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. . . . Matter is impertinent if it does not pertain and is not necessary to the issues in question in the case." *McArdle v. AT&T Mobility LLC*, 657 F. Supp. 2d 1140, 1149 (N.D. Cal. 2009) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (overruled on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).

**1.**   **The Court Should Strike All Other References to Alleged Meal and Rest Break Violations.**

Plaintiff has failed to sufficiently allege facts in support of his first and second claims, as detailed *supra*.  Any derivative allegations in the FAC premised on his deficient first and second claims should be stricken.  Therefore, Plaintiff's allegations premised on meal and rest period violations supporting his other claims, as alleged in paragraphs 84, 90, 116, 119, and 142(H) of the SAC, should be stricken.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30993881.1                                   11                          Case No. 3:16-cv-06462-TEH
DEFENDANT AMAZON'S MPA ISO (1) MOTION TO DISMISS AND (2) MOTION TO STRIKE

### 2. The Court Should Strike Certain References to Labor Code Sections 204 and 210.

Plaintiff seeks to impose direct liability against Defendants for certain non-PAGA claims for penalties pursuant to Labor Code sections 204 and 210 through a conclusory recitation of the statutory language of these Labor Code sections.  (FAC, ¶ 70.)  Section 204, however, requires that wages earned during employment be paid at certain intervals; it does not provide any right to wages, as such.  *See Singer v. Becton, Dickinson and Co.*, No. 08cv821 IEG (BLM), 2008 WL 2899825, *3 (S.D. Cal. July 25, 2008).  The remedy for violation of section 204 is found solely in section 210, which provides that "every person who fails to pay the wages of each employee as provided in Section[]… 204 . . . shall be subject to a civil penalty . . . recovered *by the Labor Commissioner*. . . ."  *Id.*  (Emphasis added).  As a result, there is no private right of action under section 204 or 210.  A private right of action exists only if the statute, in "clear, understandable, unmistakable terms," indicates an intent to create such a right.  *Vicko Ins. Serv. Ins. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62–63 (1999). There is nothing in section 204 or 210 that indicates, in "clear, understandable, unmistakable terms," that a private right of action exists for violations of section 204.  *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1136 (N.D. Cal. 2011); *see also Jeske v. Maxim Healthcare Servs., Inc.*, No. CV F 11–1838 LJO JLT, 2012 WL 78242, at *3–4 (E.D. Cal. Jan. 10, 2012) (dismissing Section 204 claim with prejudice because no private right of action exists under Section 204).  Therefore, Plaintiff's attempts to assert liability directly against Defendants for alleged violations of Labor Code section 204 and penalties pursuant to Labor Code section 210 in paragraphs 48, 59, 70 should be stricken from the FAC.

### 3. The Court Should Strike All References to Labor Code Section 223.

Plaintiff references Labor Code section 223 in his FAC, but does not allege a specific claim for violation of Labor Code section 223 or penalties under Labor Code section 225.5.  (FAC, ¶¶ 71, 142(D).)  Labor Code section 223 provides that "it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

Plaintiff's PAGA and non-PAGA allegations that Defendants violated Labor Code section

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30993881.1                                           12                              Case No. 3:16-cv-06462-TEH
DEFENDANT AMAZON'S MPA ISO (1) MOTION TO DISMISS AND (2) MOTION TO STRIKE

223 should be dismissed because Plaintiff has failed to plead any facts to support a claim that Defendants "secretly pa[id] a lower wage while purporting to pay the wage designated by statute or by contract" to anyone.  Consequently, all of Plaintiff's allegations, contained in paragraphs 71, 138, 142, and 142(D) pertaining to Labor Code section 223 should be stricken.

Second, because penalties for violations of Labor Code section 223 are provided for by Labor Code section 225.5 and only recoverable "by the Labor Commissioner" (Cal. Lab. Code § 223(b)), Labor Code section 223 does not provide for a private right of action.  *See Johnson*, 809 F. Supp. 2d at 1136 ("The text of section 223 does not support the existence of a private right of action.  Nor does section 223 create an entitlement to wages or specific penalties.  Thus, section 223 does not create a private right of action, even in combination with section 218, because it does not set forth an entitlement to a wage or provide a penalty.").  Therefore, Plaintiff's reference to alleged violations of Labor Code section 223 in his non-PAGA third cause of action, for alleged failure to pay overtime, should be stricken from the FAC for this second reason as well.

### 4.    The Court Should Strike Plaintiff's Allegation Under Labor Code Section 226.8.

Plaintiff alleges entitlement to penalties in his PAGA claim pursuant to Labor Code section 226.8.  (FAC, ¶ 142(I).)  However, Plaintiff fails to allege any specific facts in support of Defendants' alleged "willful misclassification" of Plaintiff and other class members.  Instead, Plaintiff alleges in a purely conclusory fashion that "Defendants" "willfully misclassified" him and others as independent contractors without alleging any facts in support this conclusory allegation. (FAC, ¶¶ 1, 18, 19.)  "Willful misclassification" demands a showing that an employer "avoid[ed] employee status for an individual by voluntarily and knowingly misclassifying that individual as an independent contractor."  Lab. Code § 226.8(i)(4).  Plaintiff has alleged no facts demonstrating that Amazon (or Peach) voluntarily and knowingly misclassified him as an independent contractor.  Therefore, the Court should strike paragraph 142(I) from the FAC.

### 5. The Court Should Strike Plaintiff's Allegation for Penalties Under Labor Code Section 256.

Plaintiff alleges that he is entitled to 30 days' pay as waiting time penalties pursuant to Labor Code section 256. (FAC, ¶ 142(B).) Plaintiff's reliance on Labor Code section 256 is misplaced because this section is part of any article of the Labor Code that applies only to seasonal workers. *See Plumbing, Heating etc. Council v. Howard*, 53 Cal. App. 3d 828, 828 (1975) (Articles 2 and 3 of chapter 1 concern seasonal labor and special occupations, not relevant here"). Labor Code section 250 defines "seasonal labor" to mean "all labor performed by any person hired in [California] to perform services outside of [California]" where the wages are to be paid in [California], not at fixed intervals, but at the termination of such employment." Plaintiff does not allege any facts establishing that he or any other putative class member would meet this narrow definition. Therefore, any reference to Labor Code section 256 penalties should be stricken from the FAC.

### 6. The Court Should Strike Plaintiff's Allegation Under 29 U.S.C. § 211(c).

In Plaintiff's seventh claim for failure to pay employees for all hours worked under the FLSA, he conclusorily alleges that "Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by their FLSA Class. 29 U.S.C. § 211(c)." (FAC, ¶ 132.) Plaintiff alleges no corresponding penalty associated with this alleged violation, rendering this allegation immaterial. Nor can Plaintiff pursue any FLSA claim under this section, because 29 U.S.C. § 211(c) does not provide for a private right of action. *See Hancock v. Walt Disney World Inc.*, 136 Fed. Appx. 18, 20 (9th Cir. 2005) (holding district court did not err when dismissing claim under 29 U.S.C. § 211 because no private right of action existed). *See, also*, *Duff-Brown v. City and County of San Francisco*, No. C11-3917 TEH, 2013 WL 163530, *6 (N.D. Cal. Jan. 15, 2013) (denying plaintiff's motion for summary judgment on the grounds that FLSA does not provide for a private right of action for recordkeeping violations). Therefore, Plaintiff's reference to 29 U.S.C. § 211(c) should be stricken from the FAC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30993881.1     14     Case No. 3:16-cv-06462-TEH
DEFENDANT AMAZON'S MPA ISO (1) MOTION TO DISMISS AND (2) MOTION TO STRIKE

### 7.   The Court Should Strike All References to Defendants' Alleged Failure to Reimburse Expenses.

Plaintiff makes two isolated allegations in the FAC regarding failure to reimburse expenses.  (FAC, ¶¶ 116, 118.)  These allegations only appear as part of Plaintiff's sixth claim for unfair competition.  However, there are no facts alleged in any part of the FAC that support or even mention a claim for failure to reimburse him or anyone else for expenses.  The references to unreimbursed expenses are thus immaterial and impertinent and should be stricken from the FAC.

## V.   CONCLUSION

Plaintiff is required to allege specific facts plausibly supporting his claims, not conclusory allegations, or allegations that are legally insufficient.  For the foregoing reasons, Defendant respectfully requests that the Court grant its motion and order the dismissal of Plaintiff's meal and rest break claims, and strike certain allegations as described above.

Dated: January 13, 2017                     MORGAN, LEWIS & BOCKIUS LLP


                                            By   /s/ Marina C. Gruber
                                                 John S. Battenfeld
                                                 Christopher J. Banks
                                                 Marina C. Gruber
                                                 Attorneys for Defendant
                                                 AMAZON.COM, LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 30993881.1                             15                    Case No. 3:16-cv-06462-TEH
DEFENDANT AMAZON'S MPA ISO (1) MOTION TO DISMISS AND (2) MOTION TO STRIKE