# United States District Court
# Central District of California

| | |
|---|---|
| CARLOS MORALES, an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>AMAZON.COM, LLC., a Delaware corporation; PEACH, INC., DBA ACTION MESSENGER SERVICE., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:17-cv-1981-ODW-JEM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE [21]** |

## I. INTRODUCTION

Plaintiff, Carlos Morales, brought this putative class action against Amazon.com, LLC ("Amazon") and Peach, Inc. DBA Action Messenger Service ("Peach") (collectively "Defendants") in Superior Court. On November 4, 2016, Amazon timely removed the case to the Northern District of California. (ECF No. 1.) Thereafter, Plaintiff filed his First Amended Complaint alleging eight causes of action: (1) Failure to Provide Meal Periods; (2) Failure to Provide Rest Periods; (3) Failure to Pay Hourly Wages; (4) Failure to Provide Accurate Written Wage Statements; (5) Failure to Timely Pay All Final Wages; (6) Unfair Competition; (7) Failure to Pay Employees for All Hours Worked; and (8) Civil Penalties. (First Amended Compl. ("FAC "), ECF No. 13.) On January 13, 2017, Amazon moved to dismiss Plaintiff's meal and rest break

claims pursuant to Fed. R. Civ. P. 12(b)(6) and to strike portions of Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(f).[1] (Mot., ECF No. 21.) Peach filed for Notice of Joinder in Amazon's Motion on May 1, 2018. (ECF Nos. 48, 49.) For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's First and Second Claims, with leave to amend, and **DENIES** Defendants' Motion to Strike.[2]

## II. BACKGROUND

From approximately May 2016 to September 2016, Plaintiff was employed by Defendants as a delivery driver in the County of Los Angeles, California. (FAC ¶¶ 5, 10.) Operating as a delivery driver, Plaintiff was required to report to Defendants' facilities at set times, use Defendants' tools and instrumentalities, wear a uniform bearing the Amazon logo, and follow a daily manifest. (*Id.* ¶¶ 12–17.) Based on these requirements, Plaintiff alleges that Defendants misclassified Plaintiff and other aggrieved employees as independent contractors. (*Id.* ¶¶ 17–20.) Subsequently, Defendants allegedly violated the California Labor Code by failing to provide meal and rest periods, pay hourly and overtime wages, provide accurate wage statements, timely pay final wages, and pay for all hours worked. (*Id.* ¶ 20.)

From these allegations, Plaintiff brought a class action on behalf of himself and three distinct classes of similarly situated employees "to recover unpaid wages, restitution, and related relief." (*Id.* ¶ 1.) The first class, referred to as the "Delivery Driver Class," consists of "all persons employed as 'delivery drivers' and/or with similar job titles or duties at Amazon warehouse locations in California during the

---

[1] On March 10, 2017, the Northern District transferred this action to the Central District. (ECF No. 36.) Once transferred, Defendant renoticed their motion in front of this Court for June 18, 2018. (ECF No. 42.)

[2] Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Relevant Time Period."³ (*Id.* ¶ 23.) Within this first class, Plaintiff also seeks to represent a subclass comprised of all Delivery Driver Class members employed by Peach in California during the relevant time period ("Peach Sub-Class"). (*Id.*) The Second class is termed the "FLSA Class," and includes all Amazon delivery drivers or similarly situated employees who worked in the United States in the past three years.⁴ (*Id.*) Within the FLSA Class, Plaintiff represents four Sub-Classes: (1) Meal Break Sub-Class; (2) Rest Break Sub-Class; (3) Wage Statement Penalties Sub-Class; and (4) Waiting Time Penalties Sub-Class.⁵ Lastly, Plaintiff represents the "UCL Class," which includes Delivery Driver Class and Peach Sub-Class members "employed by Defendants in California during the Relevant Time Period."⁶ (*Id.*)

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Determining whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is

---

³ "The relevant time period is defined as the time period beginning four years prior to the filling of this action until judgment is entered." (FAC ¶ 22.)
⁴ The second class is defined as the "FLSA Class" because all members are involved in the seventh cause of action for the violation of the Federal Fair Labor Standards Act. (*Id.* ¶ 20.)
⁵ All four FLSA Sub-Classes include Delivery Driver Class and Peach Sub-Class members who adhere to specified sub-class specifications. The Meal Break Sub-Class pertains only to "members who worked a shift in excess of five hours during the Relevant Time Period." (*Id.* ¶ 23.) The Rest Break Sub-Class is conscribed to "members who worked a shift of at least three and one-half (3.5) hours during the Relevant Time Period." (*Id.*) The Wage Statement Penalties Sub-Class includes "members employed by Defendants in California during the period beginning one year before the filling of this action and ending when final judgment is entered." (*Id.*) The Waiting Time Penalties Sub-Class consists of "members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered." (*Id.*)
⁶ The third class is termed the "UCL Class" because all members are involved in the sixth cause of action for unfair competition. (*Id.* ¶ 108–125.)

generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citations omitted). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court must dismiss a complaint that does not assert, or fails to plead sufficient facts to support, a cognizable legal theory. Fed. R. Civ. P. 12(b)(6); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## IV. DISCUSSION

### A. FAILURE TO STATE A CLAIM

#### 1. *Plaintiff's First and Second Causes of Action: Failure to Provide Meal and Rest Periods*

Defendants contend that Plaintiff's meal and rest break claims are insufficiently alleged and therefore fail to provide Defendants fair notice. (Mem. Of P & A in Supp. of Mot. to Dismiss ("Mem. Mot.") 5:13–16.) Specifically, Defendants argue that Plaintiff failed to allege facts demonstrating precisely how Defendants failed to provide meal and rest periods, and which allegations pertain to Amazon and Peach individually. (*See* Mem. Mot.)

Aggregated sections of the California Labor Code require employers to provide meal and rest periods for non-exempt employees. *See generally* Cal. Labor Code § 226.7(c) (stating that employers are required to "provide an employee a meal or rest or recovery period in accordance with a state law"). More specifically, California Labor Code section 512 ensures that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period." In order to comply with Labor Code section 226.7, the court in *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004, 1034 (2012) found that an

4

employer need only "relieve the employee of all duty for the designated period, but need not ensure that the employee does no work." Still, an employer may not undermine meal or rest break policies by "pressuring employees to perform their duties in ways that omit breaks." *Id.* at 1040.

Under the First Cause of Action, Plaintiff alleges that Defendants failed to provide him and Meal Break Sub-Class members with a meal break policy, failed to schedule meal periods for employees, and used workload and pressure to require employees to work through their meal periods. (FAC ¶¶ 32, 39–42.) Similarly, in the Second Cause of Action, Plaintiff contends that Defendants failed to provide "written policies that advised [Plaintiff and Rest Break Sub-Class members] of their rights to take a rest break." (*Id.* ¶ 58.)

Overall, Plaintiff's allegations are vague and insufficient because it is unclear whether Defendants actually failed to provide a meal and rest break, or whether Plaintiff and applicable sub-classes chose not to take otherwise available breaks. In support of his claims, Plaintiff simply states that workload, pressure, and a lack of "written policies" impeded Plaintiff and appropriate sub-classes from taking breaks. (*Id.* at 8–10.) These broad statements do not allege any pertinent factual information regarding how Amazon or Peach actually went about coercing the Plaintiff and sub-classes to forego breaks. Without further factual allegations, Defendants are not provided with sufficient fair notice pursuant to Federal Rule of Civil Procedure 12(b)(6) and *Twombly/Iqbal*.

First, Plaintiff alleges that Defendants "maintained control over packages and the amount of packages" employees were required to deliver. (*Id.* ¶ 15.) Yet, Plaintiff fails to show exactly how Defendants' control over packages directly impacted Plaintiff and sub-class members. A broad conclusory statement that workload and pressure required employees to work through their breaks is not enough to establish that Defendants violated the California Labor Code. See *Brown v. Wal-Mart Stores, Inc.*, No. C-08-5221-SI, 2013 WL 1701581, *5 (N.D. Cal. Apr. 18, 2013) (finding a plaintiff must

provide facts surrounding the alleged tactics which "pressured, incentivized, and discouraged" delivery drivers from taking lunch breaks).

Second, Plaintiff's allegation that Defendants failed to provide written policies pertaining to available meal and rest breaks is insufficient to state a claim. Simply alleging a failure to provide written notice is not enough to establish employer liability. *See Bellinghausen v. Tractor Supply Co.*, No. C-13-02377-JSC, 2014 WL 465907, *4 (N.D. Cal. Feb. 3, 2014) ("the focus is not on whether an employer 'appropriately' advised an employee of their break rights; rather, Plaintiff must allege facts that plausibly suggest that Defendant did not in some way authorize the breaks, and therefore such breaks were not provided . . . .") (citations omitted). In response to this factual deficiency, Plaintiff argues that he has met the pleading requirements by raising the suggestion that meal breaks weren't provided. (Opp. 7, citing *Ambriz v. Coca Cola Co.*, No. 13-CV-03539-JST, 2013 WL 5947010, at *4 (N.D. Cal. Nov. 5, 2013) ("[A]n employer's lack of a meal break policy may subject the employer to liability because it suggests that the employer did not provide meal breaks to its employees.")) Yet, this argument is a misreading of the *Twombly/Iqbal* pleading standard and indicates Plaintiff misunderstands the key issues raised by the Defendants. While an employer's lack of meal break policy *may* raise questions of liability, it is not dispositive, and a plaintiff is still required to provide sufficient factual support. Simply alleging that meal and rest period policies were not provided fails to offer any notice of how employees' meal and break period rights were actually violated. That is, Plaintiff never shows that employees lacked information about their meal and rest period rights or how employees' ability to take breaks were actually impacted.

Still, Plaintiff does contend that he is able to allege additional facts regarding the Defendants' conduct. (Pl.'s Opp'n to Mot. to Dismiss and Mot. to Strike ("Opp.") 10–15, ECF No. 30.) Therefore, the Court **GRANTS** Defendants' Motion to Dismiss and provides Plaintiff 30 days leave to amend the first and second causes of action.

1 | **B.** **MOTION TO STRIKE**

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The decision whether to grant a motion to strike is made at the Court's discretion. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds* in *Fogerty v. Fantastic, Inc.*, 510 U.S. 517 (1994)). In using its discretion, the court must view the pleadings in the light most favorable to the non-moving party. *In re 2TheMart.com Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

Courts may grant a motion to strike "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy*, 984 F.2d at 1527 (9th Cir. 1993)). Courts may also grant such a motion in order to streamline the resolution of the action and focus the jury's attention on the real issues in the case. *See Fantasy*, 984 F.2d at 1528. Yet, motions to strike are generally disfavored due to the limited role that pleadings play in federal practice, and because they are often used as a delaying tactic. *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

*1. Motion to Strike All Other References to Alleged Meal and Rest Break Violations*

Defendants assert that Plaintiff failed to sufficiently plead his first and second claim, thereby making any allegations premised on those claims derivative. (Mem. Mot. 11.) Thus, Defendants contend paragraphs 84, 90, 116, 119, and 142(H) of Plaintiff's First Amended Complaint should be stricken. (*Id.*)

Since the Court granted Defendant's Motion to Dismiss Plaintiff's First and Second Causes of Action with leave to amend, the Court **DENIES** Defendant's Motion to Strike references to alleged meal and rest break violations. Plaintiff's changes to the

First and Second Claim may provide stronger factual support for allegations referenced later in the complaint and resolve the insufficient pleadings.

    2. *Improper Use of a Rule 12(f) Motion*

Pursuant to Rule 12(f), a district court is not authorized "to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone*, 618 F.3d at 974–75; *see also Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977) (stating that "Rule 12(f) is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint") (citations omitted). "A matter of law" justification is not permitted under a Rule 12(f) motion to strike because it would create redundancies within the Federal Rules of Civil Procedure. *See Whittlestone*, 618 F.3d at 974 (finding that "a Rule 12(b)(6) motion (or a motion for summary judgment . . .) already serves such a purpose"). For the following reasons, Defendants' motion to strike references to Labor Code Sections 204, 210, and 223, allegations under Labor Code section 226.8 and 256, and references to Defendants' failure to reimburse expenses all improperly argue a matter of law justification:

    a. <u>Motion to Strike Certain References to Labor Code Sections 204 and 210</u>

Defendants argue that Plaintiff's use of Labor Code Sections 204 and 210 should be stricken from Plaintiff's First Amended Complaint because they are inapplicable to the case at hand. (Mem. Mot. 12.) Specifically, Defendants allege that they cannot be held directly liable for these labor code violations because "there is no private right of action under sections 204 or 210." (*Id.* at 12:11–12.)

    b. <u>Motion to Strike All References to Labor Code Section 223</u>

Defendants request that references to Labor Code section 223, found in paragraphs 71, 138, 142, and 142(D), be stricken from Plaintiff's First Amended Complaint because Plaintiff failed to sufficiently plead enough facts to support a section 223 claim. (*Id.* at 12–13.) In the alternative, Defendants also argue that a

section 223 claim is invalid because any alleged violations of section 223 are not supported in a private right of action. (*Id.*)

    c. <u>Motion to Strike Plaintiff's Allegation under Labor Code Section 226.8</u>

  Defendants assert that Plaintiff's allegations under Labor Code section 226.8 lack sufficient factual support to show that Defendants "willfully misclassified" employees as independent contractors and are therefore purely conclusory. (*Id.* at 13.)

    d. <u>Motion to Strike Plaintiff's Allegation for Penalties Under Labor Code Section 256</u>

  Defendants' assert that Plaintiff's reliance on Labor Code section 256 is inappropriate because section 256 applies only to seasonal workers. (*Id.* at 14.) In addition, Defendants find that Plaintiff fails to provide any facts "establishing that he or any other punitive class member would meet this narrow definition." (*Id.*)

    e. <u>Motion to Strike All References to Defendants' Alleged Failure to Reimburse Expenses</u>

  Defendants argue that Plaintiff's sixth claim for unfair competition contains allegations that are immaterial and impertinent. (*Id.* at 15.) To support these claims, Defendants argue that Plaintiff failed to provide facts sufficient to support reimbursement expenses. (*Id.*)

  Altogether, Defendants' arguments for striking the aforementioned sections of Plaintiff's First Amended Complaint are improper because they fail to adhere to the scope of a Rule 12(f) motion. Defendants' arguments regarding insufficient factual support, failure to create a private right of action, and improper scope are predicated on proving that Plaintiff failed to state a claim on which relief can be granted. This focus on striking as a matter of law is better argued under a Rule 12(b)(6) motion. Therefore, the Court **DENIES** Defendants' Motion to Strike References to Labor Code sections 204 and 210, all references to Labor Code section 223, allegations under section 226.8 and 256, and references to Defendants' alleged failure to reimburse expenses.

### 3. *Motion to Strike Plaintiff's Allegation under 29 U.S.C. § 211(c)*

Defendants contend that Plaintiff's allegation under 29 U.S.C. § 211(c) is immaterial because Plaintiff fails to allege a corresponding penalty for a § 211(c) violation nor offers evidence that § 211(c) pertains to a private right of action. (Mem. Mot. 14.)

In determining whether a claim is immaterial, the Court looks to see whether the allegation has "no essential or important relationship to the claim for relief or the defenses being pleaded." *Fogerty*, 984 F.2d at 1527 (citations omitted). Here, Plaintiff contends that "allegations of improper recordkeeping practices are material and may have a significant evidentiary impact on his FLSA Claims." (Opp. 15:24–25.) Considering that a lack of proper recordkeeping could hinder Plaintiff's ability to show the exact hours worked by employees and might be pertinent in determining accurate compensation, the Court does not find the § 211(c) allegation to be immaterial even though there is no corresponding penalty. Furthermore, Defendants' argument regarding a failure to create a private right of action is inappropriate support for a motion to strike under Rule 12(f). As referenced above, the Court is not allowed to use a Rule 12(f) motion to strike a claim as a matter of law. *See Whittlestone*, 618 F.3d at 974–75. Thus, the Court **DENIES** Defendants' Motion to Strike Plaintiff's allegation under 29 U.S.C. § 211(c).

///
///
///
///
///
///
///
///
///

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS in PART and DENIES in PART** Defendants' Motion to Dismiss and Motion to Strike. (ECF No. 21.) Defendants' Motion to Dismiss Plaintiff's First and Second Causes of Action are **GRANTED** with 30 days leave to amend. And, the Court **DENIES** Defendants' Motion to Strike. (ECF No. 21.)

**IT IS SO ORDERED.**

July 30, 2018

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**