**SETAREH LAW GROUP**
Shaun Setareh, Esq. (SBN 204514)
Thomas Segal, Esq. (SBN 222791)
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California   90212
Telephone:   (310) 888-7771
Facsimile:   (310) 888-0109
shaun@setarehlaw.com
thomas@setarehlaw.com

**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq.  (SBN 090058)
Stephen P. O'Dell, Esq. (SBN 132279)
Cody R. Kennedy, Esq. (SBN 296061)
29800 Agoura Road, Suite 210
Agoura Hills, California   91301
Telephone:   (818) 991-8080
Facsimile:    (818) 991-8081
ssaltzman@marlinsaltzman.com
sodell@marlinsaltzman.com
ckennedy@marlinsaltzman.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MORALES, on behalf of himself, all others similarly situated, and the general public,<br><br>              Plaintiff,<br>v.<br><br>AMAZON.COM LLC, a Delaware corporation; PEACH, INC. dba ACTION MESSENGER SERVICE, a California corporation; and DOES 1-50, inclusive,<br><br>              Defendants. | **CASE NO. 2:17-cv-01981-ODW-JEM**<br>(Hon. Otis D. Wright, II)<br><br>**SECOND AMENDED COMPLAINT FOR:**<br>**1. FAILURE TO PROVIDE MEAL PERIODS;**<br>**2. FAILURE TO AUTHORIZE AND PROVIDE REST PERIODS;**<br>**3. FAILURE TO PAY HOURLY WAGES;** |

1

**4. FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS;**
**5. FAILURE TO TIMELY PAY ALL FINAL WAGES; AND**
**6. CIVIL PENALTIES UNDER PAGA**

Plaintiff, Carlos Morales (hereafter "Plaintiff"), on behalf of himself, all other similarly aggrieved employees, herewith presents his Second Amended Complaint (hereinafter "Complaint") and, hereby, complains and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this representative action against defendant Amazon.com LLC, a Delaware corporation ("Amazon"); Peach, Inc. DBA Action Messenger Service, a California corporation ("Action"); and DOES 1 through 50 inclusive (hereafter "Defendants") for alleged violations of the Labor and Business and Professions Codes. As set forth below, Plaintiff alleges that Defendants have misclassified him and similarly situated aggrieved employees as independent contractors, failed to provide them with meal periods, failed to provide them with rest periods, failed to pay them for all hours worked, failed to pay premium wages for un-provided meal and/or rest periods, failed to pay overtime wages, failed to provide them with accurate written wage statements, and failed to timely pay them all of their final wages following separation of employment. Based on these alleged Labor Code violations, Plaintiff now brings this representative action to recover unpaid wages, restitution, and related relief on behalf of himself, all other aggrieved employees, and the general public.

/ / /

**JURISDICTION AND VENUE**

2.     This action is properly venued in the Superior Court of the State of California, in and for the County of Los Angeles, on the basis that the said court has jurisdiction over cases alleging violations of California wage and hour laws and the monetary damages and restitution sought herein for Defendants' alleged conduct, exceeds the minimal jurisdiction limits of the Superior Court.

3.     Venue is proper in Los Angeles County, pursuant to Code of Civil Procedure sections 395(a) and 395.5, in that liability arose in Los Angeles County because at least some of the transactions that are the subject matter of this Second Amended Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has agents therein.

**PARTIES**

**A.     PLAINTIFF**

4.     Plaintiff was employed by Defendants and performed work in the County of Los Angeles, California, from approximately May 2016 to September 2016.

**B.     DEFENDANTS**

5.     Defendant, Amazon.com LLC, is a Delaware corporation authorized to do business in California.

6.     Defendant, Peach, Inc. DBA Action Messenger Service, is a California corporation, authorized to do business in California.

7.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as Does 1-50, inclusive, but is informed and believes that said Defendants are legally responsible for the conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

8.     Plaintiff is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint

scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

## FACTUAL ALLEGATIONS

9.      On or about May 2016, Defendants hired Plaintiff as a delivery driver. Plaintiff's employment with Defendants terminated around September 2016.

10.     Defendants' business includes handling, retrieving, and delivering packages to designated recipients and, at all times pertinent hereto, Defendants suffered and permitted Plaintiff to work as a delivery driver, performing such tasks, within Defendants' business, indeed providing the very delivery services that Defendants had promised to Defendants' customers.  At all times pertinent hereto, Defendants maintained control over Plaintiff and the aggrieved employees, through both contractual obligations and (by means of policies, procedures, and business practices) in actual fact.  Plaintiff and, on information and belief, the aggrieved employees, were not customarily engaged in independently established trades, occupations, or businesses as the work performed for Defendants, but rather at all times were performing work included in Defendants' business.

11.     As a delivery driver, Plaintiff's duties included, but were not limited to driving, picking up packages, dropping off packages, and associated tasks and duties, including, but not limited to, scanning packages and communicating with Defendants regarding the tasks being performed by Plaintiff.

12.     During his employment with Defendants, Plaintiff was required to report to Defendant's facility at set times to perform his duties and use Defendant's tools and instrumentalities to perform his duties.

13.     At all times pertinent hereto, Defendants had actual or constructive knowledge of the workloads assigned to Plaintiff and the aggrieved employees, as well as actual or constructive knowledge of the hours that the delivery drivers were working.  Defendants assigned the manifests to each driver.  Defendants knew when the drivers arrived at the facility and when they returned.

14.   Plaintiff made no investment in the equipment or materials he was required to use to perform his work for Defendants.  Defendants provided Plaintiff with a delivery truck with the Amazon logo on it, as well as a handheld device used to scan packages, make radio calls, and provide route guidance.

15.   Moreover, Plaintiff was required to wear a uniform, which consisted of a polo shirt with the Amazon logo and a baseball cap with the Amazon logo.

16.   During his employment with Defendants, Defendants maintained control over which packages, and the amount of packages, Plaintiff and the aggrieved employees were required to deliver on their shifts.  Plaintiff and the aggrieved employees had no control over which packages and the amount of packages they could accept or reject for delivery.

17.   Defendants paid Plaintiff, and upon information and belief, the other aggrieved employees, a flat daily rate that did not take into account the actual number of hours worked.

18.   During his employment with Defendants, Plaintiff and his aggrieved employee co-workers were required to report to Amazon's facility at the beginning of each shift to pick up their daily manifest and their delivery trucks.  Plaintiff and the aggrieved employees were also required to report to Amazon's facility at the end of each shift to drop off any undelivered packages and their delivery trucks.

19.   Despite Defendant's characterization to the contrary, at all relevant times, Plaintiff and the aggrieved employees have been employees of Defendants and, as such, have been entitled to the protections of the California Labor Code and Wage Order.

20.   Defendants intentionally classified Plaintiff and the other aggrieved employees as independent contractors, as part of Defendants' business model, custom, and business practice, and thereby willfully misclassified Plaintiff and the other aggrieved employees as independent contractors.  At all relevant times, Defendants have engaged in a pattern and/or practice of doing so.

21.     Plaintiff alleges that as a result of Defendants' practice and policy of misclassifying employees as independent contractors, Plaintiff and other aggrieved employees were:

      a.   Not provided with meal periods, in violation of the California Labor Code;

      b.   Not authorized to take, nor provided with, rest periods, in violation of the California Labor Code;

      c.   Not provided with hourly wages for all  hours worked, in violation of the California Labor Code;

      d.   Not provided with overtime wages and double time wages for all overtime and double time hours worked, in violation of the California Labor Code;

      e.   Not provided with accurate wage statements, in violation of the California Labor Code;

      f.   Not provided with timely final wages, in violation of the California Labor Code.

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512, 558, and 1198)

22.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

23.     At all relevant times, Plaintiff and, upon information and belief, the aggrieved employees have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the Wage Order.

24.     Labor Code § 512 and Section 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free, meal periods of

1   at least thirty minutes, for each work period of ten hours.

2       25.    Labor Code § 226.7 and Section 11 the Wage Order both prohibit

3   employers from requiring employees to work during required meal periods and require

4   employers to pay non-exempt employees an hour of premium wages on each workday

5   that the employee is not provided with the required meal period(s).

6       26.    Compensation for missed meal periods constitutes wages within the

7   meaning of the California Labor Code § 200.

8       27.    Labor Code § 1198 makes it unlawful to employ a person under

9   conditions that violate the Wage Order.

10      28.    Section 11 of the Wage Order states: "Unless the employee is relieved of

11  all duty during a 30 minute meal period, the meal period shall be considered an 'on

12  duty' meal period and counted as time worked. An 'on duty' meal period shall be

13  permitted only when the nature of the work prevents an employee from being relieved

14  of all duty and when by written agreement between the parties an on-the-job paid meal

15  period is agreed to. The written agreement shall state that the employee may, in

16  writing, revoke the agreement at any time." (8 Cal. Code Regs. § 11040(11).)

17      29.    At all times pertinent, Plaintiff was not subject to a valid on-duty meal

18  period agreement, nor was he ever offered one by Defendants, insofar as the nature of

19  his work would not have prevented him from being relieved of all duty for the

20  specified minimum time.

21      30.    At all times pertinent, Plaintiff was never advised by Defendants that he

22  was permitted to take a meal break and, on information and belief, Defendants did not

23  maintain a policy, either in writing or in practice, of providing meal periods to

24  delivery drivers, such as Plaintiff and the aggrieved employees.

25      31.    At all times pertinent, and, inter alia, on account of a lack of formal or

26  informal meal period policies, Plaintiff and the aggrieved employees would forego

27  their meal periods.  For Plaintiff, this occurred on most days when he worked for

28  Defendants.  Defendants did not schedule meal periods and did not take such breaks

into account when assigning work.  In Plaintiff's case, and on information and belief the cases of the aggrieved employees as well, the workload and pay methodology imposed by Defendants required delivery drivers to skip meal periods in order to finish the work assigned by Defendants within a reasonable time period.  Plaintiff was often assigned a workload that required 10 or more hours, without meal periods, to complete.  Failing to complete the work could have subjected Plaintiff to discipline up to and including termination.  Such heavy workloads and stern consequences for not completing assigned work, discouraged him and the aggrieved employees from taking their meal breaks and required them to skip such breaks or take the first meal break after they had performed more than five (5) hours of work and/or a second meal break after performing more than ten (10) hours of work.

32.     Plaintiff, and upon information and belief, the aggrieved employees, were not paid the premium wage of one hour at their regular rate, whenever Defendants failed to provide meal periods.

33.     Pursuant to Labor Code sections 204, 218.6, and 226.7, Plaintiff and the aggrieved employees are entitled to recover unpaid premium wages, interest thereon, and costs of suit, including reasonable attorneys fees.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7, 558, and 1198)

34.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged at this point.

35.     At all relevant times, Plaintiff the aggrieved employees have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the Wage Order.

36.     Section 12 of the Wage Order imposes an affirmative obligation on employers to *authorize* and *permit* workers to take required rest periods at a rate of no less than ten (10) minutes of net rest time for each four hour work period, or major

8

1  portion thereof, that must be in the middle of each work period insofar as is

2  practicable.

3    37.    Labor Code § 226.7 and Section 12 the Wage Order both prohibit

4  employers from requiring employees to work during required rest periods and require

5  employers to pay non-exempt employees an hour of premium wages at the employees

6  regular rate of pay, on each workday that the employee is not provided with the

7  required rest period(s).

8    38.    Compensation for missed rest periods constitutes wages within the

9  meaning of the California Labor Code § 200.

10   39.    Labor Code § 1198 makes it unlawful to employ a person under

11  conditions that violate the Wage Order.

12   40.    Plaintiff alleges that at all times pertinent, Defendants failed to authorize

13  rest breaks for Plaintiff and the aggrieved employees.    Defendants never

14  communicated, to Plaintiff and the aggrieved employees, any written or informal

15  policy authorizing rest breaks.

16   41.    Plaintiff, and on information and belief the aggrieved employees, were

17  not provided with rest breaks, insofar as, as has bee previously described hereinabove,

18  Defendants saddled Plaintiff and the delivery workers with heavy workloads that

19  could not reasonably be completed without skipping the required rest breaks.  The

20  number for stops, plus driving in between, often required Plaintiff, and on information

21  and belief the aggrieved employees, to work in excess of 10 or more hours in a single

22  day, even without taking any of the required rest breaks.  Failure to complete the work

23  to Defendants' satisfaction could lead to discipline up to and including termination.

24  As such, Plaintiff and the aggrieved employees were unable to take required rest

25  breaks, but rather pressed on to complete their assigned work.  For Plaintiff, this

26  occurred on most days when he was performing work for Defendants.

27   42.    Plaintiff alleges that at all relevant times, Defendants utterly failed to

28  authorize rest breaks, to communicate any rest break policies (if indeed any existed),

9

and to provide, in practice, rest breaks for the delivery drivers. Defendants never asked Plaintiff if he took his required rest breaks, never advised him to report missed rest breaks, and to Plaintiff's knowledge never sought to determine if the delivery drivers were taking required rest breaks.

43. At all relevant times, Defendants failed to pay Plaintiff and the other aggrieved employees additional premium wages due on account of Defendants' failure to authorize and/or provide required rest breaks.

44. Pursuant to Labor Code sections 204, 218.6, and 226.7, Plaintiff and the aggrieved employees are entitled to recover unpaid premium wages, interest thereon, and costs of suit, including reasonable attorneys fees.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code, §§ 223, 510, 558, 1194, and 1198)

45. Plaintiff incorporates the preceding paragraphs of the Complaint as though fully set forth at this point.

46. At all relevant times, Plaintiff the aggrieved employees have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the Wage Order.

47. Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

48. Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consists of all hours that an employer has actual or constructive knowledge that employees are working.

49. Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

10

50.    Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

51.    Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

52.    Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

53.    Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

54.    Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

55.    Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

56.    Labor Code § 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

57.    Labor Code § 510 and Section 3 of the Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times

their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

58.     Plaintiff is informed and believes and thereupon alleges that Defendants developed and applied to Plaintiff and the aggrieved employees, certain policies, procedures, and practices with respect to working conditions and, in particular, compensation of the delivery drivers.

59.     At all times pertinent, Plaintiff and the aggrieved employees were paid a fixed sum of money as their wages for work performed (e.g., a daily rate), regardless of the actual number of hours worked.

60.     At all times relevant, Plaintiff and the aggrieved employees, as a result of Defendants' pay policies and procedures, did not receive overtime compensation for any and all overtime hours worked.

61.     At all times relevant, Plaintiff and the aggrieved employees, as a result of Defendants' pay policies and procedures, did not receive double-time for any and all double-time hours worked.

62.     Under applicable law, Plaintiff and the aggrieved employees are entitled to recover the amount of unpaid overtime and double-time wages, as well as interest thereon, costs of suit, and reasonable attorneys fees.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

## (Lab. Code §§ 226, 226.2, and 226.3)

63.     Plaintiff incorporates the preceding paragraphs of the Complaint as though fully set forth at this point.

64.     Labor Code § 226(a) states in pertinent part the following: " (a) every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying

the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee … (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer … and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, … if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment."

65.   Plaintiff alleges that Defendants' policy and practice was to not issue wage statements to their delivery drivers.  Plaintiff alleges on information and belief that at all relevant times, Defendants have had the ability to provide accurate itemized wage statements, but have intentionally not provided them and/or have consciously determined not to keep records so as to be able to provide them, as part of Defendants' business practices.

66.   Plaintiff was never provided with an accurate, itemized wage statement that conformed with the requirements of Labor Code § 226(a), during the time he worked for Defendants.  Plaintiff alleges on information and belief that the same is true for the other aggrieved employees.

67.   Labor Code section 226.2, in addition to the requirements of Section 226(a), further requires that "for employees who are compensated on a piece-rate basis for any work performed during a pay period," the wage statement required by Section 226(a) must also separately state the "total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during

1   the pay period," as well as "the total hours of other nonproductive time … the rate of

2   compensation, and the gross wages paid for that time during the pay period."

3        68.     Plaintiff was compensated on a piece rate basis, in that he was paid a

4   daily rate, regardless of the number or hours worked.  Plaintiff was never provided

5   with a wage statement that separately stated the rest period information and/or

6   nonproductive time information required by Section 226.2.   Plaintiff alleges on

7   information and belief that the same is true for the other aggrieved employees.

8        69.     Plaintiff and the aggrieve employees have suffered injuries, in that

9   Defendants have violated their legal rights to receive accurate wage statements and

10  have misled them about their actual rates of pay and wages earned. In addition,

11  inaccurate information on their wage statements has prevented immediate challenges

12  to Defendants' unlawful pay practices, has required discovery and mathematical

13  computations to determine the amount of wages owed, has caused difficulty and

14  expense in attempting to reconstruct time and pay records, and/or has led to the

15  submission of inaccurate information about wages and deductions to state and federal

16  government agencies.

17       70.     Pursuant to Section 226(e), Plaintiff is entitled to the greater of his actual

18  damages or $50.00 for the initial pay period in which a wage statement violation

19  occurred, and $100.00 for each subsequent pay period in which a violation occurred,

20  not to exceed an aggregate penalty of $4,000.00, as well as an award of litigation costs

21  and attorneys' fees.

22       71.     Pursuant to Section 226.3, Plaintiff and the aggrieved employees are

23  entitled, under the Private Attorneys General Act pled herein, to a civil penalty in the

24  amount of $250.00, per employee, per violation, and $1,000, per employee, for each

25  subsequent violation, "for which the employer fails to provide the employee wage

26  deduction statement or fails to keep the records required in subdivision (a) of Section

27  226."

28  / / /

**Second Amended Complaint**
Case No. 2:17-cv-01981-ODW-JEM

## FIFTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203, 558)

72.    Plaintiff incorporates the preceding paragraphs of the Complaint as though fully set forth at this point.

73.    At all relevant times, Plaintiff and the other aggrieved employees have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid, before termination or resignation.

74.    At all relevant times, Labor Code § 201 required Defendants to pay all earned, unpaid wages to workers who have been discharged, immediately upon termination.

75.    At all relevant times, Labor Code § 202 required Defendants to pay all earned, unpaid wages to workers who have resigned after giving at least seventy-two (72) hours-notice of resignation, at the time of resignation.

76.    At all relevant times, Labor Code § 202 required Defendants to pay all earned, unpaid wages to workers who have resigned after giving less than seventy-two (72) hours-notice of resignation, within seventy-two (72) hours of giving notice of resignation.

77.    During the applicable limitations period, Defendants failed to pay Plaintiff all of his earned, unpaid final wages in accordance with Labor Code § 201, by failing to timely pay him all of his final wages.

78.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay the other aggrieved employees all of their earned, unpaid final wages in accordance with Labor Code §§ 201 or 202.

79.    Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying workers their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to timely pay them all earned, unpaid final wages.

80.     Plaintiff is informed and believes that Defendants' failures, to timely pay all final wages to him and the other aggrieved employees, have been willful actions, in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

81.     Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of himself and seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon, costs of suit, and reasonable attorneys fees.

## SIXTH CAUSE OF ACTION

## CIVIL PENALTIES – PRIVATE ATTORNEYS GENERAL ACT

### (Lab. Code §§ 2698, *et seq.*)

82.     Plaintiff incorporates the preceding paragraphs of the Complaint as though fully set forth at this point.

83.     During the applicable limitations period, Defendants have violated wage and hour laws and/or committed acts making them subject to liability under Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.2, 226.7, 510, 512, 558, 1194, 1197, and 1198.  Plaintiff specifically reserves the right to amend this list of specified Code sections violated by Defendants, at any time prior to final judgment in this matter.

84.     Labor Code § 2699, subdivisions (a) and (g), authorize an aggrieved employee, on behalf of himself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3.

85.     Plaintiff, as a former employee against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code § 2699(c).

86.     Plaintiff has complied with the procedures for bringing suit specified in Labor Code § 2699.3.

87.   Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.2, 226.7, 510, 512, 558, 1194, 1197, and 1198:

a. For violations of Labor Code §§ 201, 202, 203, 212, 226.7, 1194, and 1198, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (Labor Code § 2699(f)(2));

b. For violations of Labor Code § 203, a penalty in an amount not exceeding 30 days pay as waiting time (Labor Code § 256);

c. For violations of Labor Code § 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (Labor Code § 210);

d. For violations of Labor Code § 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (Labor Code § 225.5);

e. For violations of Labor Code §§ 226(a) and 226.2, if this action is deemed to be an initial citation, $250 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred

17

before the filing of this action, $1,000 for each employee for each violation (Labor Code § 226.3);

f.  For violations of Labor Code §§ 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (Labor Code § 558); and

g.  For violations of Labor Code § 1197, $100 for each aggrieved employee for each initial violation of Labor Code § 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of § 1197, regardless of whether the initial violation was intentional (Labor Code § 1197.1);

h.  Pursuant to Labor Code § 558, any person acting on behalf of an employer who violates or causes to be violated a provision of the Labor Code regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to civil penalties and be ordered to pay all unpaid wages;  Defendants failed to provide the aggrieved employees meal and/or rest breaks, minimum and overtime wages, and other wage violations; accordingly, Plaintiff seeks to recover the unpaid and/or underpaid wages and penalties under Section 558, on behalf of himself and other aggrieved employees (Labor Code §§ 2699, 2699.3, and 2699.5);

i.  For violations of Labor Code § 226.8, not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law, for each employee that Defendants misclassified as an independent contractor; or, insofar as Plaintiff alleges that such misclassification is part of Defendants' pattern or practice of intentional misclassification, then not less than ten thousand dollars ($10,000) and not more than

18

1  |  twenty-five thousand dollars ($25,000) for each violation, in addition to

2  |  any other penalties or fines permitted by law.

3  |      j.   Pursuant to Labor Code § 2699(g), Plaintiff seeks awards of reasonable

4  |  costs and attorneys' fees in connection with his claims for civil penalties.

5  |  ## PRAYER FOR RELIEF

6  |      WHEREFORE, Plaintiff, on behalf of himself, aggrieved employees, and the

7  |  general public, prays for relief and judgment against Defendants, as follows:

8  |      1.     Unpaid Wages;

9  |      2.     Actual Damages;

10 |      3.     Restitution;

11 |      4.     Declaratory relief;

12 |      5.     Pre-judgment interest;

13 |      6.     Statutory penalties;

14 |      7.     Civil penalties;

15 |      8.     Costs of suit;

16 |      9.     Reasonable attorneys' fees; and

17 |      10.    Such other relief as the Court deems just and proper.

18 |  ## DEMAND FOR JURY TRIAL

19 |      Plaintiff, on behalf of himself, all aggrieved employees, and the general public,

20 |  hereby demands a jury trial on all issues so triable.

21 |

22 |  DATED:   August 29, 2018          **SETAREH LAW GROUP**

                         **MARLIN & SALTZMAN, LLP**

23 |

24 |                        By:   s/   Stephen P. O'Dell

25 |                           Stanley D. Saltzman, Esq.

                         Stephen P. O'Dell, Esq.

26 |                           Cody R. Kennedy, Esq.

                         Attorneys for Plaintiffs

27 |

28 |