# United States District Court
# Central District of California

| | |
|---|---|
| CARLOS MORALES, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM LLC, a Delaware corporation; PEACH, INC., DBA ACTION MESSENGER SERVICE, a California corporation; and DOES 1–50, inclusive,<br><br>Defendants. | Case № 2:17-CV-01981-ODW (JEMx)<br><br>**ORDER REMANDING ACTION AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT [56]** |

## I. BACKGROUND

Plaintiff initiated this wage-and-hour action in the Superior Court of California, Alameda County. (Notice of Removal, ECF No. 1.) On November 4, 2016, Defendants removed the matter to the United States District Court, Northern District of California, based on federal question subject matter jurisdiction, as Plaintiff's Complaint asserted a cause of action under the Fair Labor Standards Act ("FLSA"),

29 U.S.C. §§ 201, *et seq.* (*Id.* at 3.) Plaintiff subsequently amended his Complaint and removed the FLSA claim. (First Am. Compl. ("FAC"), ECF No. 13.) Thereafter, the action was transferred to the Central District of California and assigned to this Court. (Stip. and Order to Transfer Venue, ECF Nos. 35, 36.) Following this Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and Motion to Strike, Plaintiff amended his Complaint for a second time on August 29, 2018, removing all class allegations and alleging only California state-law claims. (Order on Defs.' Mot., ECF No. 52; Second Am. Compl. ("SAC") 1–2, ECF No. 53.)

## II.  DISCUSSION

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Federal courts have supplemental jurisdiction over state law claims that are "so related to claims in the action with such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

"Dismissal of the federal claims does not deprive a federal court of the power to adjudicate the remaining pendent state claims. However, 'pendent jurisdiction is a doctrine of discretion . . . .'" *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 726

(1966)) (internal citations omitted). There is a "distinction between the power of a federal court to hear state-law claims and the discretionary exercise of that power." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 349–50 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors [judicial economy, convenience, fairness, and comity] . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n.7; *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991); *Weintraub v. Sotheby's Int'l Realty, Inc.*, No. 18-cv-6922-AB (KSx), 2019 WL 1125343, at *2 (C.D. Cal. Mar. 12, 2019). "[T]hese factors usually will favor a decision to relinquish jurisdiction when 'state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" *Carnegie–Mellon*, 484 U.S. at 350 n.7 (quoting *United Mine Workers*, 383 U.S. at 726).

Plaintiff initiated this action in state court, and the sole basis for Defendants' removal was federal question jurisdiction based on Plaintiff's FLSA claim. Plaintiff has since eliminated the FLSA claim; thus, federal question jurisdiction no longer exists. Further, diversity jurisdiction is not available, as both Plaintiff and Defendant Peach Inc. are citizens of California. (*See* SAC ¶¶ 4, 6.)

After carefully considering the *Carnegie–Mellon* factors, the Court declines to exercise supplemental jurisdiction. State law issues substantially predominate in this action: Plaintiff asserts claims and seeks remedies exclusively under California law. (*See* SAC 6, 8, 10, 12, 15, 16 (asserting causes of action under only the California Labor Code).) Further, although the case has been in federal court for two years, it remains in the pleading stage, well before trial, and the Court has not expended substantial judicial resources toward resolving the merits of the dispute. Finally, the *Carnegie-Mellon* factors, particularly comity and the economic use of federal court resources, favor litigation of this state law matter in state court rather than federal

court. *See Weintraub,* 2019 WL 1125343, at *3 (finding that the balance of factors favored remand).

Accordingly, the Court declines to exercise supplemental jurisdiction and remands this action to the Superior Court of California, County of Alameda.

### III.  CONCLUSION

For the reasons discussed above, the Court **REMANDS** this action to the Superior Court of California, Alameda County, George E. McDonald Hall of Justice, 2233 Shoreline Drive, Alameda, California 94501.  Accordingly, the Court **DENIES** Defendants' Motion to Dismiss as **MOOT**.  (ECF No. 56.)

**IT IS SO ORDERED.**

April 2, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**